## UNITED STATES v. FIRST NAT. BANK OF MOBILE.

(District Court, S. D. Alabama. January 11, 1924.)

1. **Searches and seizures ⬦⇒7—Bank may be required to produce books and papers material to taxpayer's return.**

A bank, having books and records material to ascertainment of the correctness of income returns of a taxpayer, is not protected by the Fourth Amendment to the Constitution from being required to produce such books and records when called for, under Revenue Act 1921, §§ 1300, 1308, 1310(a), being Comp. St. Ann. Supp. 1923, §§ 6371⅘b, 6371⅘f, 6371⅘g.

2. **Internal revenue ⬦⇒28—Bank books, showing accounts of income tax payer, may be required to be produced.**

While deposits in bank are not necessarily income of the depositor, the record of such deposits and of investments made by the depositor, in connection with the testimony of the bank's officers, are relevant and material evidence in ascertaining the correctness of his income returns, and may properly be required to be produced for examination, under Revenue Act 1921, §§ 1300, 1308, 1310(a), being Comp. St. Ann. Supp. 1923, §§ 6371⅘b, 6371⅘f, 6371⅘g.

Petition by the United States against the First National Bank of Mobile to require defendant to furnish information for internal revenue purposes. Granted.

Joseph John, Asst. U. S. Atty., of Mobile, Ala.

Smiths, Young, Lehigh & Johnston, of Mobile, Ala., for defendant.

ERVIN, District Judge. This is a petition, filed under section 1310 of the Revenue Act of 1921, vol. 42, pt. 1, of the Public Laws of 1921–23, p. 310 (Comp. St. Ann. Supp. 1923, § 6371⅘g), asking the assistance of the court to require the First National Bank to furnish information as to the transactions had by William J. Hanlon and his wife, Annie E. Hanlon, with the bank, involving deposits of money and investments by said Hanlon and his wife. Section 1308 (Comp. St. Ann. Supp. 1923, § 6371⅘f) provides:

"That the Commissioner, for the purpose of ascertaining the correctness of any return or for the purpose of making a return where none has been made, is hereby authorized, * * * to examine any books, papers, records, or memoranda bearing upon the matters required to be included in the return, and may require the attendance of the person rendering the return or of any officer or employee of such person, or the attendance of *any other person* having knowledge in the premises, and may take his testimony with reference to the matter required by law to be included in such return, with power to administer oaths to such person or persons." (Italics mine.)

Section 1310(a), being Comp. St. Ann. Supp. 1923, § 6371⅘g, provides:

"That if any person is summoned under this act to appear, to testify, or to produce books, papers or other data, the district court of the United States for the district in which such person resides shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data."

Section 1300 (Comp. St. Ann. Supp. 1923, § 6371⅘b) provides:

"And every person liable to any tax imposed by this act, or for the collection thereof, shall keep such records and render, under oath, such state-

---

⬦⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ments and returns, and shall comply with such regulations as the Commissioner, with the approval of the Secretary, may from time to time prescribe."

The petition sets out that the said Hanlon and his wife have not made full, true, and correct statements of their respective incomes of the years 1918, 1919, 1920, 1921, and 1922, and that the ledgers and other books of the bank containing the accounts of the said Hanlons will be of material assistance to the United States in arriving at the true and correct incomes of said individuals of the respective years; that summons to appear and testify and produce the books had been served on D. P. Bester, Jr., as president of the bank, and that the said bank and its officers had failed to appear at the time and place designated in the summons, and they now refuse to appear and permit the duly authorized agents of the internal revenue of the United States to have access in any manner to the records and accounts of said bank —and prays for the assistance of the court to require the bank officers and employees to testify and the bank to produce its books and accounts.

[1] Said bank refuses to testify and produce the books, and contends that it is protected by the Fourth Amendment to the Constitution from doing so. As I understand the Fourth Amendment, it protects the parties to criminal prosecution against unreasonable searches and seizures of their papers, and I do not understand this to authorize a third party, who has books and papers which may be relevant to the inquiry, to refuse to produce such books and papers because of this amendment. This is not a question of a search and seizure of a party's books and papers, but of whether a witness who has information as to a party's dealings may be required to testify to those facts, and produce book entries as to such entries in connection with and supporting such testimony.

[2] The bank further contends that there is no specific showing of any deposits or investments by the Hanlons, or to the materiality of the books and entries in the bank accounts against said Hanlon. It is true that such entries as may be found in the bank's books, without more, are inadmissible against Hanlon and wife as showing any income received by them, but the bank not only refuses to produce the books, but refuses to have its president testify as to the facts.

Many cases have been read to me where evidence had been sought under subpœna duces tecum, and objection has been made that no showing of the materiality and relevancy of this evidence had been made. In the present matter, however, it appears clear to me that, if Hanlon and wife are shown by the testimony of the agents and employees of the bank to have deposited funds in the bank at various dates, and to have made investments in securities, the entries in the books, in connection with the testimony of the officers and agents of the bank as to transactions, will be both material and relevant against Hanlon and his wife, to show moneys or income which they had received. It is not necessary to say that many accounts in the bank are accounts of parties who handle money for other parties, and do not show any individual receipt of income in such cases of fiduciary funds. These transactions, of course, like those of use of funds coming in

fiduciary relation, can be explained; but, until explained, they tend to show income received. Nor is it any excuse for refusing to testify and give the facts to say that moneys which pass through a man's bank account are not always income received by him. This may be conceded, and yet it is evidence from which income can be inferred, and does tend to show income. Like other transactions, however, it may be explained by Hanlon and wife.

It is monstrous, it seems to me, to say that because sometimes money which is deposited in banks does not show income, and because the bank desires to protect the dealings of its customers from unauthorized investigation by third parties, the government could not inquire as to the moneys of its citizens who owe income taxes, and trace these moneys through its various agencies, such as national banks, in order to ascertain the correct income tax that is owing by the citizen.

For these reasons, I am of the opinion that the government has the right to require any of the employees or agents of a bank who know facts as to deposits or investments, or any dealings of parties who owe income taxes, to testify to the entries made on the books of the bank as to such transactions, so the government may be correctly informed as far as possible of the income which has been received by its citizens.

An order will therefore be issued, ordering the bank to furnish the information desired.