### COOLEY v. BERGIN et al.

District Court, D. Massachusetts.   July 30, 1928.

No. 2984.

1. **Internal revenue** �köm25—**Summons to bank to produce records of income tax payer's deposits held not to warrant injunction, being mere request for information, not compelling bank to furnish immaterial evidence (Revenue Act 1926, § 1104 [26 USCA § 1247]).**

Summons issued to bank by internal revenue agent under Revenue Act 1926, § 1104 (26 USCA § 1247), to produce records of income tax payer's deposits and withdrawals for stated period, was mere request to furnish information, which bank may refuse to do until appropriate court order is made, and hence does not authorize injunction, especially in absence of anything therein compelling bank to furnish wholly immaterial evidence, as court cannot assume that bank will not exercise reasonable discretion, or act without due regard for taxpayer's rights.

2. **Searches and seizures** ⊜öm7(25)—**Proceeding to compel bank to produce records of income tax payer's deposits invades no constitutional rights of depositor, though some entries relate to deposits of others' money (Revenue Act 1926, § 1104 [26 USCA § 1247]; Const. Amend. 4).**

Proceeding by internal revenue agent, under Revenue Act 1926, § 1104 (26 USCA § 1247), to compel bank to produce records of income tax payer's deposits and withdrawals for stated period, invades no rights of depositor under

Const. Amend. 4, against unreasonable search and seizure, though some entries relate to deposits of others' money; such fact not warranting bank in refusing to give any information whatever, nor permitting it to be sole judge of what entries are material.

3. **Banks and banking** ☞232—National bank is public institution, obliged to aid federal authorities in administering laws, as by producing records of income tax payer's deposits, so far as compatible with duty to customers (Revenue Act 1926, § 1104 [26 USCA § 1247]).

A national bank is a public institution receiving a valuable franchise from the government, and should recognize obligation to aid federal authorities in administration of laws, as by producing records of income tax payer's deposits and withdrawals under Revenue Act 1926, § 1104 (26 USCA § 1247), so far as compatible with its duties to its customers.

4. **Banks and banking** ☞119—Relation of banker and depositor is that of debtor and creditor.

The relation of banker and depositor in their pecuniary dealings is that of debtor and creditor.

5. **Banks and banking** ☞119—Depositor has no proprietary interest in bank's records, and can claim at most that information therein shall not be disclosed for purpose of substantially injuring him (Revenue Act 1926, § 1104 [26 USCA § 1247]).

Depositor has no proprietary interest in bank's books and records, called for by summons issued by revenue agent under Revenue Act 1926, § 1104 (26 USCA § 1247), and can claim at most, in suit to enjoin production thereof, that information they contain shall not be disclosed for deliberate purpose of inflicting substantial injury on him.

6. **Injunction** ☞75—Court will not interfere with executive or administrative department's action by injunction, unless necessary to conserve personal or property rights.

A court will not interfere with the action of an executive or administrative department of the government by injunction, except under extraordinary circumstances, necessitating such a course to conserve the rights of person or property.

In Equity. Suit by Robert C. Cooley against Frank E. Bergin and another for an injunction. Petition denied.

Robert C. Cooley, of Springfield, Mass., in pro. per.

Frederick H. Tarr, U. S. Atty., and John V. Spalding, Asst. U. S. Atty., both of Boston, Mass., for defendants.

BREWSTER, District Judge. The respondent Bergin is an internal revenue agent, engaged in checking up the income tax return of the petitioner, and in pursuance of his duties he issued a summons to the respondent Third National Bank & Trust Company, by which the bank was requested to appear before the agent and to bring with it its records, showing the details of the deposits and withdrawals of the petitioner for the period beginning January 1, 1925, and ending December 31, 1926. The summons recited that, if the bank should fail to comply, it would become liable to proceedings in the District Court of the United States for this district to compel its attendance, testimony, and production of books, etc.

The petitioner thereupon filed this bill of complaint against both the bank and Bergin, setting forth the summons, and asks for an injunction restraining only the bank from producing, or submitting, to the respondent Bergin the said books, papers, and records in its possession and control until it has been determined by this court what of such books, papers, and records, if any, the bank may be required to submit according to the terms of the said summons. The matter is before the court on the allegations of the bill and the testimony of the petitioner.

The summons presumably was issued pursuant to the authority conferred upon revenue agents and inspectors under section 1104 of the Revenue Act of 1926, which reads as follows:

"Sec. 1104. The Commissioner, for the purpose of ascertaining the correctness of any return or for the purpose of making a return where none has been made, is hereby authorized, by any revenue agent or inspector designated by him for that purpose, to examine any books, papers, records, or memoranda bearing upon the matters required to be included in the return, and may require the attendance of the person rendering the return or of any officer or employee of such person, or the attendance of any other person having knowledge in the premises, and may take his testimony with reference to the matter required by law to be included in such return, with power to administer oaths to such person or persons." 26 USCA § 1247.

It is urged by the petitioner that the summons requiring the bank to produce all the records of deposits and withdrawals of the petitioner for the stated period went beyond any authority conferred upon the agent by section 1104, and that before the bank should respond to the summons there should be an order of the court, which would be limited in scope only to such entries on the records as were material to the matters required to be included in the return.

[1] The summons received by the bank was, in legal effect, no more than a request to furnish information in its possession relative to its dealings with the petitioner. The bank has the privilege of deciding whether it will respond, or await an appropriate order of the court. It cannot be assumed in advance that the bank will fail to exercise a reasonable discretion in the premises. Moreover, there is nothing in the summons that compels the bank to furnish evidence wholly immaterial or outside the limits of a proper investigation, and here again it is not for the court to proceed on the assumption that the bank will fail to act with due regard for the rights of the petitioner. For these reasons, I regard these proceedings as somewhat premature. I could, therefore, with propriety, dispose of the case at this point; but the petitioner has urged upon the court certain objections to the acts of the revenue agent and the contemplated procedure before him, which, while involving more or less the merits of the case, deserve brief consideration.

[2] It is conceded that the respondent Bergin has a right to inquire of the bank respecting transactions that relate to the petitioner's net income, and it must be equally apparent that many of the entries in the books of the bank do tend to show the receipt of income. But the petitioner has alleged and has proved that among these entries are those which relate to deposits made by the petitioner of money belonging to clients, and to his wife, and have no "reference to the matters required by law to be included in" his return. He also claims the protection of the Fourth Amendment to the Constitution against unreasonable search and seizure. The mere fact that the books contain entries of deposits by the petitioner of money of other persons would not, in my opinion, warrant the bank in refusing to give any information whatever. Bankers are frequently summoned to court to give testimony respecting, and to produce records of, their dealings with depositors, and I have never heard it suggested that a bank could refuse to respond to the summons because the books contained immaterial entries. Nor is the bank permitted to be the sole judge of what is material. The evidence is produced and the relevancy determined by proper authorities after explanation. No rights of the depositor can be said to be invaded by such a proceeding, even if the result is to disclose transactions that have no bearing upon the matters in issue.

In United States v. First National Bank of Mobile (D. C.) 295 F. 142, the bank having refused to produce before a revenue agent its records of transactions with taxpayers, who were its customers, the agent applied for an order of court to compel the bank to produce its ledgers and other books containing the accounts of these customers. The bank resisted the granting of the order, contending that the order would violate the rights secured by the Fourth Amendment to the Constitution, that it had not been made to appear that the books and entries were material, and that there were entries of deposits of money for other people, or which, for one reason or another, would have no tendency to show income. The learned judge disposed of these contentions with the following observations:

"Said bank refuses to testify and produce the books, and contends that it is protected by the Fourth Amendment to the Constitution from doing so. As I understand the Fourth Amendment, it protects the parties to criminal prosecution against unreasonable searches and seizures of their papers, and I do not understand this to authorize a third party, who has books and papers which may be relevant to the inquiry, to refuse to produce such books and papers because of this amendment. This is not a question of a search and seizure of a party's books and papers, but of whether a witness who has information as to a party's dealings may be required to testify to those facts, and produce book entries as to such entries in connection with and supporting such testimony.
* * *

"It is not necessary to say that many accounts in the bank are accounts of parties who handle money for other parties, and do not show any individual receipt of income in such cases of fiduciary funds. These transactions, of course, like those of use of funds coming in fiduciary relation, can be explained; but, until explained, they tend to show income received. Nor is it any excuse for refusing to testify and give the facts to say that moneys which pass through a man's bank account are not always income received by him. This may be conceded, and yet it is evidence from which income can be inferred, and does tend to show income. Like other transactions, however, it may be explained by Hanlon and wife."

The court in that case issued an order which, so far as appears from the published opinion, was comprehensive, extending to all entries of deposits, investments, or any dealings with the taxpayers.

In the case at bar any entry on the books of the bank that does not show income, or

does not relate to "matter required to be included in the return" of the petitioner, can be explained and excluded, without working any substantial injury to any one.

[3-5] A national bank is a public institution, receiving a valuable franchise from the government, and it should recognize an obligation to aid the federal authorities in the administration of its laws, so far as it is compatible with its duty to its customers. It is well settled that the relation of banker and depositor in their pecuniary dealings is that of debtor and creditor. National Bank of the Republic v. Millard, 10 Wall. 152, 19 L. Ed. 897. The petitioner has no proprietary interest in the books and records called for by the summons. They are the property of the bank, and the most the petitioner can claim is that the information they contain shall not be disclosed for the deliberate purpose of inflicting substantial injuries upon him. Without undertaking to define the nature and extent of the duty which the bank owes the petitioner in this respect, it is enough to say that the allegations of the bill and the evidence introduced by the petitioner do not show any such threatened invasion of his corresponding rights as would warrant this court, as a court of equity, in enjoining or restraining the bank according to the prayers of the bill. I find nothing in the case that supports the petitioner's allegation that irreparable injury would result to him if the bank responded to the summons.

[6] While I do not deny the right of a taxpayer to invoke the equity jurisdiction of the court to restrain an agent of the government from doing acts that it is alleged that he has no authority to do (see Colorado v. Toll, Sup't, 268 U. S. 228, 45 S. Ct. 505, 69 L. Ed. 581), I am bound by established precedent to refrain from interfering with the action of an executive or administrative department, except under extraordinary circumstances, which render such a course necessary in order to conserve rights of person or property. Georgia v. Stanton, 6 Wall. 50, 18 L. Ed. 721; In re Sawyer, 124 U. S. 200, 8 S. Ct. 482, 31 L. Ed. 402; Sheridan et al. v. Colvin et al., 78 Ill. 237.

I do not find here presented any such special or extraordinary situation. It follows that no equitable grounds are shown to exist upon which injunctive relief may be based, and petitioner's prayer for an injunction is denied.

As this is the only relief sought, I see no reason why, if a motion to dismiss were filed, it should not be granted.