## Commonwealth ex rel. v. Freeman et al.

*George M. Mason* and *Harold F. Mook,* for Commonwealth.
*Gunnison, Fish, Gifford & Chapin,* for defendants.

ROSSITER, P. J., September 20, 1933.—This is a petition praying the court for an order upon A. E. Freeman and George H. Acker, doing business as Free-man-Acker Company, to allow such person as may be designated by the Secretary of Revenue of Pennsylvania to inspect the books and papers of said defendants in order to ascertain the whole volume of gross business transacted by the said defendants during the year 1930, for the purpose of taxation.

The petition avers that on November 25, 1931, William W. Coolidge was duly appointed a representative of the Department of Revenue of Pennsylvania and visited defendants' place of business for the purpose of examining the books and papers of the defendants to verify the accuracy of the return they had made and to investigate and ascertain the character and amount or volume of business transacted by the defendants during that year; that the said defendants, through A. E. Acker, one of the partners, refused to allow the said William W. Coolidge to inspect the books and papers of said defendants for the purpose aforesaid; that the defendants through fraud, accident, mistake, neglect, or otherwise, failed to make a full, complete, and accurate return of the character and amount or volume of business transacted by the defendants during the year 1930.

The defendants filed an answer, averring that they did make a full, complete, and accurate return on March 31, 1931, for the year 1930 and paid the mercantile tax on the basis of said return, which tax was received by the County Treasurer of Erie County, Pa., and a license duly issued therefor: and defendants deny that through fraud, accident, mistake, neglect, or otherwise, they failed to make a full, complete, and accurate, return of the character or amount or volume of business transacted by them during the year 1930, by reason of failure to include in said return the amount of sales of used cars, or the amount or volume represented by transfer of cars on bailment leases and subsequent sales thereof; and defendants further aver that the Act of June 12, 1931, P. L. 555, further amending the Act of May 2, 1899, P. L. 184, is in violation of article I, sec. 8, of the Constitution of the Commonwealth of Pennsylvania, and therefore is unconstitutional and not operative as to the defendants under the circumstances.

Testimony was taken in support and rebuttal of the allegation that "through fraud, accident, mistake, neglect, or otherwise" the defendants had failed to make a full, complete, and accurate return. The "fraud, accident, mistake, neglect, or otherwise" alleged in the petition is that defendants failed to include in their return the amount of sales of used cars and the amount or volume of business represented by transfer of cars on bailment leases and subsequent sales thereof; but the testimony nowhere avers that these items were included

in the report, Mr. William W. Coolidge testifies they were not, and nowhere does Mr. Freeman testify that they were; as far as the testimony of Mr. Freeman goes, it is to say that he never told Mr. Coolidge that they were not, but he does not go so far as to say that they were included; hence the testimony does not disclose whether or not these items were included; all it discloses is that Coolidge said Acker said they were not, and Acker said he did not say so, which leaves the allegation of "fraud, accident, mistake, neglect, or otherwise", alleged in the petition, undisputed.

In the same sort of a petition between the same parties, Commonwealth v. Freeman et al., 13 Erie 264 (which case is now pending on appeal in the Supreme Court of Pennsylvania and upon the list for argument September 25, 1933, as no. 81, March term, 1933), in an opinion filed February 5, 1932, we held that, there being no allegation in the petition that there was "fraud, accident, mistake, neglect, or otherwise", and for other reasons therein set forth, the prayer of the petition should be and it was denied and the petition dismissed at the cost of the petitioner; whereupon the plaintiff appealed that case to the Supreme Court as above noted, and brought the present action alleging "fraud, accident, mistake, neglect, or otherwise" in the petition.

In our opinion, here the petition clearly sets forth that there was fraud, accident, mistake, neglect, or otherwise, in failing to include in the return filed the amount or sale of used cars and the amount or volume of business represented by transfer of cars on bailment leases and subsequent sales thereof, and this fact is only denied in the answer by stating that the failure to make such report was not through fraud, accident, mistake, neglect, or otherwise, and hence, inferentially, that these sales were not part of the business subject to taxation, and the testimony taken, instead of averring these items were included in the report, evades that fact, demands strict proof of that allegation but denies to plaintiff the opportunity to obtain that proof—ingeniously evasive but patently insufficient.

At the argument, it was urged that the items of sales of used cars and transfer of cars on bailment leases were not subject to this taxation, which, in our opinion, is another question and not here raised.

This leaves, then, the one question and that is as to the constitutionality of the act proceeded under.

Article I, section 8, of the Constitution of Pennsylvania, PS, Const. 38, reads as follows:

"The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant."

The fourth amendment to the Constitution of the United States, PS, Const. 29, reads as follows:

'The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

It has been held that the fourth amendment to the Constitution of the United States, which is very similar to article I, section 8, of the Constitution of Pennsylvania, does not protect a bank from stating its records pertaining to a taxpayer whose returns are being investigated: United States v. First National Bank of Mobile, 295 Fed. 142 (D. C., S. D., Ala. 1924), affirmed per curiam, sub

nom., First National Bank of Mobile v. United States, 267 U. S. 576; that the search and seizure clause of the fourth amendment was not intended to interfere with the power of courts to compel the production, upon a trial in court, of documentary evidence: Hale v. Henkel, 201 U. S. 43, 73. And to the same effect are Wilson v. United States, 221 U. S. 361, 382, and Wheeler v. United States, 226 U. S. 478. It has been held that automobile dealers who sell cars under an agency agreement with the manufacturer are subject to the mercantile tax: Commonwealth ex rel. v. Banker Brothers Co., 38 Pa. Superior Ct. 101, and so also In re Bailment Leases, 3 Erie 157. A statute will not be construed so as to defeat the object of the legislature, if it can reasonably be avoided; literal construction of the language of a part of an act of assembly cannot prevail if another interpretation is fairly deducible which will better effect the manifest purpose of the general legislative intent: Commonwealth ex rel. v. City of Wilkes-Barre et al., 258 Pa. 130; Commonwealth v. Lowe Coal Co., 296 Pa. 359.

We therefore conclude that, the requirements of the act of assembly having been complied with, the prayer of the petition should be granted and an order issued.

And now, to wit, September 20, 1933, it is ordered and decreed that A. A. Freeman and George H. Acker, doing business as Freeman-Acker Company, allow such persons as may be designated by the Secretary of Revenue of Pennsylvania to inspect the books and papers of the said defendants for the purpose set forth in said petition.                    From Otto Herbst, Erie, Pa.