## McMANN v. ENGEL et al. (SECURITIES AND EXCHANGE COMMISSION, Intervener).

District Court, S. D. New York.
Aug. 5, 1936.

Garey & Garey, of New York City (Eugene L. Garey, Earl J. Garey, and William Helfer, all of New York City, of counsel), for complainant.

Delson, Levin & Gordon, of New York City, for defendants.

John J. Burns, of Washington, D. C., and Ernest Angell, of New York City (William V. Holohan and Pierce W. Bradley, of counsel), for defendant by intervention.

PATTERSON, District Judge.

Suit in equity was brought by the plaintiff against Engel and others, partners in the stockbrokerage firm of Engel & Co., to enjoin them from producing statements of the plaintiff's account in response to subpœnas issued by the Securities and Exchange Commission. The Commission was permitted to intervene as a defendant. The matter has been heard on the plaintiff's motion for preliminary injunction.

It appears that the Commission issued an order for an investigation into transac-

tions in Wil-low Cafeterias stock, a stock listed on the New York Curb Exchange, to determine whether there had been violations of section 17 (a) of the Securities Act of 1933 (15 U.S.C.A. § 77q (a), relative to fraudulent transactions, and of section 9 (a) of the Securities Exchange Act of 1934 (15 U.S.C.A. § 78i (a), relative to manipulation. The order designated an officer of the Commission to conduct an inquiry, subpœna witnesses, and require production of books and records relevant to the inquiry. Information acquired in the course of the investigation led the officer to believe that one Mezzadri was conducting operations in the stock, using the plaintiff's office as headquarters. He then issued a subpœna duces tecum directed to Engel & Co., stockbrokers, for the production of a transcript of the account carried by the plaintiff with that firm from December 1, 1935, to March 1, 1936.

The Commission made a like order for investigation into transactions in Budd Wheel stock, listed on the New York Stock Exchange. In the course of the inquiry, evidence taken tended to indicate that the plaintiff had dealt extensively in the stock between August and November, 1935. In due course the officer in charge issued a subpœna duces tecum and caused it to be served on Engel & Co., calling for the production of a statement of the plaintiff's account from August 1, 1935, to November 1, 1935.

Engel & Co. took the position that they would comply with the subpœnas and produce copies of the plaintiff's accounts with them. The plaintiff then brought the present suit to enjoin Engel & Co. from obeying the subpœnas. He shows that his transactions with Engel & Co. were those of customer and broker; that it was understood that his transactions were to be kept confidential; that his accounts reflect dealings in various securities other than the two stocks involved in the investigations. It is claimed, first, that the 1933 act and 1934 act are unconstitutional and void; second, that the orders under which the investigations are being conducted are unconstitutional and void; third, that the subpœnas are void because they exceed the scope of the inquiries and amount to an unreasonable search and seizure of the plaintiff's papers, contrary to the Fourth Amendment.

The immediate question is whether the plaintiff is entitled to a preliminary injunction restraining Engel & Co. from producing a copy of his account with them. On that issue Engel & Co. are neutral, the adversaries being the plaintiff and the Commission.

The provisions of the 1933 act involved are section 17 (a), 15 U.S.C.A. § 77q (a), declaring unlawful transactions in the sale of securities by means of interstate transportation or communication or by use of the mails, where fraudulent practices are used, and sections 19 (b) and 20 (a), 15 U.S.C.A. §§ 77s (b), 77t (a), authorizing an investigation by the Commission into alleged violations of the act, with power to issue subpœnas and require production of books, papers, and documents. The provisions of the 1934 act involved are section 9 (a), 15 U.S.C.A. § 78i (a), making it unlawful for any person, by use of the mails, means of interstate commerce, or facility of a national securities exchange, to manipulate prices of securities by certain methods, and section 21 (15 U.S.C.A. § 78u), to the effect that the Commission may make investigations to determine whether any person has violated the act, and in such connection may subpœna witnesses and require the production of books, papers, correspondence, memoranda, or other records deemed relevant to the inquiry.

The contention that the 1933 act and the 1934 act are unconstitutional does not require discussion. Section 17 (a) of the 1933 act and section 9 (a) of the 1934 act, the substantive provisions involved here, have been held constitutional, so far as this court is concerned. Securities & Exchange Commission v. Torr (D.C.) 15 F.Supp. 315, decided April 10, 1936. Nor is it necessary to deal at length with the contention that the Commission had no power to carry on the inquiries initiated. The power is delegated to the Commission by both acts and is a valid delegation. See Interstate Commerce Commission v. Brimson, 154 U.S. 447, 14 S.Ct. 1125, 38 L.Ed. 1047; Id., 155 U.S. 3, 15 S.Ct. 19, 39 L.Ed. 49. We come then to the point seriously pressed, that the subpœnas constitute an unreasonable search and seizure, in violation of the Fourth Amendment.

It is true that a compulsory production of private papers pursuant to subpœna may amount to an unreasonable search and seizure of a person's papers, contrary to the Fourth Amendment. The deciding factor, in last analysis, is the reasonableness of the subpœna. Interstate

448

Commerce Commission v. Brimson, supra; Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652. See, also, Federal Trade Commission v. American Tobacco Co., 264 U.S. 298, 44 S.Ct. 336, 68 L.Ed. 696, 32 A. L.R. 786. Where the order for production of papers is the equivalent of a general warrant, the person whose papers are demanded will be given relief by the courts. But for reasons that will appear it is not in order here to determine whether the subpoenas go beyond bounds.

■ This case is novel, or almost so, in the feature that the person who is attacking the subpoenas as an unreasonable search and seizure is not the person whose papers are demanded. The subpoenas were served on Engel & Co. They call for the production of the records showing the plaintiff's account with Engel & Co. Those records are unquestionably the property of Engel & Co., not of the plaintiff, and Engel & Co. have made no complaint that their constitutional rights are in danger of infringement. In the absence of complaint by the person whose papers are demanded, the question whether the production of papers would amount to an unlawful search and seizure will not be considered. Cooley v. Bergin (D.C.) 27 F.(2d) 930 (D.C.Mass.). See, also, United States v. First Nat. Bank of Mobile, 295 F. 142 (D.C.Ala.), affirmed 267 U.S. 576, 45 S.Ct. 231, 69 L.Ed. 796. A person has no privilege, constitutional or otherwise, against the compulsory production of records belonging to another. Wilson v. United States, 221 U.S. 361, 376, 31 S.Ct. 538, 55 L.Ed. 771, Ann.Cas.1912D, 558. There are exceptions where a relationship raising a privilege exists, such as attorney and client; but the relationship of broker and customer creates no privilege.

■ I have not overlooked the plaintiff's argument that the information contained in the statement of accounts belongs to him, Engel & Co. being no more than his agents. The argument comes to this, that the Commission is trying to seize information which is the plaintiff's property. The answer is that the seizures prohibited by the Fourth Amendment are seizures of tangible things, not the search and seizure of information. Olmstead v. United States, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944, 66 A.L.R. 376.

The cases relied on by the plaintiff are, in the main, cases where the objection to the subpoena as offending the Fourth Amendment was made by the person whose papers were demanded. For the reasons already given, these authorities do not solve the plaintiff's problem. He submits two reported cases, however, where relief against production of papers was given to persons who did not own the papers demanded. In Ward Baking Co. v. Western Union Telegraph Co., 205 App.Div. 723, 200 N.Y.S. 865, an injunction was granted against production of cablegrams by a telegraph company in response to a subpoena. The ground of relief was that the proceeding under which the subpoena had been issued was unlawful and the subpoena void. In Zimmerman v. Wilson, 81 F.(2d) 847 (C. C.A.3), an internal revenue agent served a summons on a banking house, calling for its records relative to the plaintiffs' transactions. An injunction against production of the records was granted, on the ground that the demand was an unreasonable search and seizure. The facts were unusual. I do not regard the Zimmerman Case as standing for a general doctrine that the Fourth Amendment forbids search and seizure of information, where the papers sought by subpoena are not the property of the person who complains of the subpoena; if so, it stands alone.

It is unnecessary, therefore, to consider whether the subpoenas were too broad. The plaintiff has no standing to object to them, and the motion for preliminary injunction will be denied.