### In re UPHAM'S INCOME TAX.

District Court, S. D. New York.
March 4, 1937.

738

Spencer, Ordway & Wierum, of New York City (Otto C. Wierum, of New York City, of counsel), for petitioner.

Lamar Hardy, U. S. Atty., of New York City (Jay Slonim, Asst. U. S. Atty., of New York City, of counsel), for respondents.

PATTERSON, District Judge.

Elizabeth R. Upham brought a petition showing that she is executrix of the estate of Richard D. Upham, deceased, who died in 1924; that the respondent Krigbaum, an internal revenue agent, served on Central Hanover Bank & Trust Company a summons requiring production before him of a copy of the bank account of the decedent from 1916 to 1924 and also a summons requiring production of a copy of the bank account of the estate from 1924 to the present time, both summonses entitled "In the Matter of the tax liability of R. D. Upham, deceased." The petition further alleges that the decedent's income tax returns were audited and the tax liability fixed prior to or soon after his death, that the time within which assessment of tax against the decedent may be made has long since expired, that the returns of the estate have always been truthfully made by the petitioner, and that no claim has been made that any return was false or fraudulent. By reason of these facts the petitioner charges that the summonses amount to an unreasonable search and seizure of her papers in violation of the Fourth Amendment. On this petition an order was issued directing the Commissioner of Internal Revenue and Krigbaum to show cause why the two summonses should not be vacated.

In answer to the petition and order to show cause, the affidavits of two internal revenue agents are submitted. These affidavits are to the effect that an investigation into the income of the decedent, Upham, and of his estate, from 1914 down, is under way, and that there is reason to believe that from 1916 to 1933 fraudulent returns were made. The affidavits set out on information and belief certain circumstances said to be suspicious. It is unnecessary to refer to these alleged circumstances, since the petition must be dismissed as insufficient on its face.

Both summonses were served under section 618 of the Revenue Act of 1928 (26 U.S.C.A. § 1514): "The Commissioner, for the purpose of ascertaining the correctness of any return or for the purpose of making a return where none has been made, is authorized, by any officer or employee of the Bureau of Internal Revenue, including the field service, designated by him for that purpose, to examine any books, papers, records, or memoranda bearing upon the matters required to be included in the return, and may require the attendance of the person rendering the return or of any officer or employee of such person, or the attendance of any other person having knowledge in the premises, and may take his testimony with reference to the matter required by law to be included in such return, with power to administer oaths to such person or persons."

By section 617 (a) of the same act (26 U.S.C.A. § 1523), the District Court is empowered to compel attendance, testimony, or production of papers in obedience to the summons.

The petitioner claims that the summonses violate the Fourth Amendment, guaranteeing security to her in her papers and effects "against unreasonable searches and seizures." We may pass the question whether the summonses could in any event be taken as "unreasonable" in the constitutional sense, in view of the fact that a check of tax returns filed is a practical necessity unless payment of income tax is to become a purely voluntary affair. In this case the summonses did not run against the petitioner, nor did the Commissioner demand production of the petitioner's papers. The summonses were on the bank to produce papers belonging to the bank and in its possession. The Fourth Amendment does not guarantee to a person security against search, reasonable or unreasonable, in papers which are not that person's property and are not in his possession. McMann v. Engel, 16 F.Supp. 446 (D.C. N.Y.), affirmed by the Circuit Court of Appeals, McMann v. Securities and Exchange Comm., 87 F.(2d) 377.

The same question, the right of a taxpayer to object to a summons by the Commissioner served on a bank for produc-

tion of the bank's records relative to transactions with the taxpayer, came before Judge Brewster in Cooley v. Bergin, 27 F.(2d) 930 (D.C.Mass.). He pointed out that the records called for were the property of the bank, and held that the taxpayer, having no proprietary interest in them, could not prevent their production under the summons. The case strikes me as a convincing one.

The petitioner cites Zimmerman v. Wilson, 81 F.(2d) 847 (C.C.A.3), as a precedent in her favor. That case had a feature that distinguishes it from the present case; no claim of fraudulent return was made there, and the court laid stress on the absence of any such claim. But it suffices for the Zimmerman Case to say that the Circuit Court of Appeals of this circuit, in McMann v. Securities and Exchange Comm., supra, has declined to follow it.

Both of the summonses were valid. The petitioner's constitutional rights cannot be impaired by production of the papers. The petition will be dismissed.