**UNITED STATES of America and Glen B. Johnson, Special Agent, Internal Revenue Service, Plaintiffs,**

v.

**FIRST NATIONAL BANK OF PIKE-VILLE, Citizens Bank of Pikeville and Pikeville National Bank & Trust Co., Defendants.**

**Civ. No. 1061.**

United States District Court
E. D. Kentucky,
Pikeville.

June 27, 1967.

---

George I. Cline, U. S. Atty., Lexington, Ky., for the United States and others.

Stephens, Combs & Page, Pikeville, Ky., for First Nat. Bank of Pikeville.

Francis M. Burke, Pikeville, Ky., for Citizens Bank of Pikeville.

Francis Dale Burke and Ronald May, Pikeville, Ky., for Pikeville Nat. Bank & Trust Co.

Francis Dale Burke and Ronald V. May, Pikeville, Ky., for intervenors, Taylor Justice and Stella Justice.

Before CELEBREZZE, Circuit Judge, and SWINFORD and MOYNAHAN, District Judges.

## OPINION AND ORDER

PER CURIAM.

This action arises from efforts of the United States to examine certain bank records of various banks in Pikeville, Kentucky, in connection with an examination conducted by the Internal Revenue Service relative to the income tax liability of Taylor Justice and Stella Justice, for the years 1960–1963, inclusive.

In Justice v. United States, 365 F.2d 312, the Court of Appeals for the Sixth Circuit directed the filing of the Intervening Petition of the taxpayers.

In paragraph eighteen of the Intervening Complaint, the petitioners have challenged the constitutionality of Title 26 U.S.C., Section 7604(a) and (b) and have demanded a restraining order, enjoining and restraining the enforcement of the summons issued herein pursuant to said statutory provision.

The undersigned Three Judge District Court was designated, pursuant to 28 U.S.C. § 2284, to hear and determine the issue raised and proceeded on May 12, 1967, to hear the same.

The entire thrust of petitioners' argument is that the efforts of the United States are directed toward securing evidence to be used against the petitioners in a criminal proceeding and therefore the instant statutory proceeding is violative of the constitutional safeguards provided by the Fourth and Fifth Amendments.

An examination of the record fails to support the petitioners' charge that the real purpose of this proceeding is to secure information for use in a criminal action. Glen B. Johnson, the special agent conducting the investigation, testified on discovery that the purpose of the investigation was "to determine the accuracy of the income tax returns of the taxpayers." (See deposition of Glen B. Johnson, Special Agent, Question 49 and answer, page 3.) This testimony appears to bring the case squarely within the ambit of Wild v. United States, 362 F.2d 206, wherein 26 U.S.C. § 7602 was held immune from challenge under the Fourth and Fifth Amendments.

The Supreme Court has impliedly recognized the constitutionality of this section in Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459, wherein the Court stated:

"The petitioners make no claim that this provision suffers any constitutional infirmity on its face."

Certainly if the enabling statute is not subject to unconstitutional infirmity, greater logic would clearly indicate that no such attack could be made on the enforcement provision of 26 U.S.C. § 7604.

Nor does the fact that the summons may be used to obtain information for subsequent use in a criminal proceeding, ipso facto, render the statute unconstitutional.

This conclusion is clearly recognized in Reisman v. Caplin, supra:

"There are cases among the circuits which hold that both parties summoned and those affected by a disclosure may appear or intervene before the District Court and challenge the summons by asserting their constitutional or other claims."

We find the statute under attack is constitutional and the demand for a restraining order enjoining the enforcement of the summons issued thereunder is denied.