UNITED STATES of America and Joseph C. O'Kane, Jr., Chief, Intelligence Division, Internal Revenue Service

v.

The RUTLAND HOSPITAL, INC., Edward J. Layden, Applicant for Intervention.

Civ. A. No. 6113.

United States District Court,
D. Vermont.

Dec. 28, 1970.

George W. F. Cook, U. S. Atty., Rutland, Vt., for plaintiff.

Ryan, Smith & Carbine, Rutland, Vt., for defendant.

Gravel & Shea, Burlington, Vt., and Webber & Costello, Rutland, Vt., for applicant for intervention.

## ORDER

OAKES, District Judge.

The United States and the Chief of the Internal Revenue Service Intelligence Division have brought a proceeding under Sections 7402(b) and 7604(a) of the Internal Revenue Code of 1954, 26 U.S.C. §§ 7402(b) and 7604(a), judicially to enforce an Internal Revenue summons. The summons calls for the production of books, records and other documents disclosing the names and addresses of all patients treated by Dr. Edward J. Layden during the years 1966, 1967 and 1968. Compliance with the summons was temporarily restrained

in a proceeding brought to this Court by the taxpayer. He seeks leave to intervene here and to continue this case to permit him to conduct discovery proceedings.

The taxpayer contends, of course, that the subpoena is for the purpose of obtaining evidence for use in a criminal prosecution against him. He claims a right to intervene under the language of the Supreme Court in Reisman v. Caplin, 375 U.S. 440, 449, 84 S.Ct. 508, 513, 11 L.Ed.2d 459 (1964):

> Furthermore, we hold that in any of these procedures before either the district judge or United States Commissioner, the witness may challenge the summons on any appropriate ground. This would include, as the circuits have held, the defenses that the material is sought for the improper purpose of obtaining evidence for use in a criminal prosecution, Boren v. Tucker, 9 Cir., 239 F.2d 767, 772–773, as well as that it is protected by the attorney-client privilege, Sale v. United States, 8th Cir., 228 F.2d 682.

Such a contention has been upheld by the Seventh Circuit Court of Appeals, rather uncritically, in United States v. Benford, 406 F.2d 1192 (7th Cir.1969). It's been more recently rejected in an able opinion by Judge Tuttle in United States v. Mercurio, 418 F.2d 1213 (5th Cir.1969), as to which certiorari has been granted sub nom. Donaldson v. United States, 397 U.S. 933, 90 S.Ct. 942, 25 L.Ed.2d 114, and the case argued before the Supreme Court.

While it might be the better part of wisdom for a lowly district judge to await the decision in the Supreme Court case, our own Court of Appeals has recently reminded us to expedite the resolution of this kind of case. United States v. Davey, 426 F.2d 842, 845 (2d Cir.1970). We rush in, therefore, if foolishly, at least where others have been treading, though the tracks are far from clear.

This case involves no pending indictment, as did United States v. O'Connor, 118 F.Supp. 248 (D.Mass.1953), distinguished in Boren v. Tucker, 239 F.2d 767 (9th Cir.1956), the language of which was relied upon in Mr. Justice Clark's *Reisman* opinion underlying taxpayer's argument here. Nor is there here involved any document or records that could conceivably be called the property of the taxpayer or the work-product of his attorneys or accountants, as in Reisman v. Caplin, 375 U.S. 440, 84 S. Ct. 508, 11 L.Ed.2d 459 (1964).

At the same time there has really been no opportunity to the taxpayer to adduce facts to show that the summons is "an impermissible ruse," to use Judge Moore's nice phrase, to obtain information for a criminal prosecution. See In re Magnus, Mabee & Reynard, Inc., 311 F.2d 12, 16 (2d Cir.1962). This case is, however, like Application of Cole, 342 F.2d 5 (2d Cir.1964), in that, as has been said, none of the material sought is the taxpayer's or his attorneys' or accountants' or is material in which any of them has what in any sense could be called a proprietary interest.

If taxpayer were to prevail in a case such as this, an Internal Revenue administrative summons would be nugatory, at least as applied to taxpayers who are able to engage astute counsel to take the series of legal steps taken here. In a real way every such summons involves potential criminal as well as civil implications. From early days in the history of our revenue acts, a duty of disclosure of tax information by third parties to the government has been enforceable. First National Bank of Mobile, Ala. v. United States, 295 F. 142 (S.D.Ala.1924), aff'd per curiam 267 U.S. 576, 45 S.Ct. 231, 69 L.Ed. 796 (1924). Tax collecting is not just a game.

■■ Rather, while the Government is still in the information-seeking stage at least, it has a statutory right or better, an interest, permitting it, to search out information that will indicate whether there is tax liability; whether, if so, there has been mere avoidance or straight evasion; and, if the latter,

whether monetary penalties or criminal process or both should be pursued. See United States v. Kulukundis, 329 F.2d 197, 199 (2d Cir.1964); Boren v. Tucker, 239 F.2d 767, 772 (9th Cir.1956). The Supreme Court's *Reisman* decision (as opposed to its language) has told us this governmental right or interest stops at one point—when the taxpayer's own papers (or his agents' work product) are involved and the Government has made its basic determination to prosecute and seeks to convict him with their use. This result was reached as a matter of statutory construction. The statute, thus construed, appears to be approximately coextensive with constitutional limitations. See United States v. First National Bank of Pikeville, 274 F.Supp. 283 (E.D.Ky.1967), aff'd Justice v. United States, 390 U.S. 199, 88 S.Ct. 901, 19 L.Ed.2d 1038 (1968); Reisman v. Caplin, 375 U.S. 440, 448 n. 8, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964). But here there has neither been such a determination by the Government, nor are the records sought any in which the taxpayer, even under the guise of a physician-patient privilege, has any interest. See In re Albert Lindley Lee Memorial Hospital, 209 F.2d 122 (2d Cir.1953), cert. denied sub nom. Cincotta v. United States, 347 U.S. 960, 74 S.Ct. 709, 98 L.Ed. 1104 (1954). Giving this taxpayer a right to stay the enforcement of the summons would be the same as giving him the right to enjoin a grand jury proceeding; it would bring effective I.R.S. investigation to a halt.

■ Nor would a continuance for purposes of discovery accomplish anything except delay. What is to be discovered? The hidden intent of the Intelligence Division to prosecute at all costs? Even were such an intent discoverable, it would be irrelevant, since it is the Justice Department which makes the decision to prosecute—the Intelligence Division only makes recommenda-tions and then it is only when such recommendations are "warranted," after attempting "to encourage and achieve the highest possible degree of voluntary compliance with the internal revenue laws." See Wild v. United States, 362 F.2d 206, 208 n. 3 (9th Cir.1966); 33 Fed.Reg. 17235 (11/20/68); Reg. § 601.107; 1970 C.C.H. Col. 6 Par. 6001. And if discovery would accomplish noth-ing, what would be accomplished by a preliminary examination in the nature of pre-discovery discovery by the Court, as suggested recently by the First Circuit Court of Appeals in United States v. Salter, 432 F.2d 697, 700 (1st Cir. 1970)? This is not to say, as Howfield, Inc. v. United States, 409 F.2d 694, 697 (9th Cir.1969), says is "clear," that a summons purely for criminal purposes would always be valid *if* no criminal case were pending, regardless of what records are being subpoenaed. Nor is it to say that discovery or "pre-discovery discovery" would not serve a useful purpose if an indictment had already been filed.

■ The test this Court would adopt, and does until this order is successfully appealed, is one based not on governmental motive, but one based on what documents are sought, whose they are, where they derive from.

Doubtless the lower federal courts will receive greater guidance from the Supreme Court in the Donaldson case than *Reisman's* rather sweeping language gives us. In the meantime, Judge Tuttle's opinion in *Donaldson,* referred to above sub nom. *Mercurio* (418 F.2d 1213), seems the most persuasive of any of the numerous opinions on the subject. And *Cole* (342 F.2d 5), *Magnus* (311 F. 2d 12), and *Davey* (426 F.2d 842), *supra,* all are there to reinforce the view of a District Judge in the Second Judicial Circuit.

Applicant's motions to intervene and for a continuance denied.