**UNITED STATES v. UNITED DISTILL-ERS PRODUCTS CORPORATION.**

No. 287, Docket 20187.

Circuit Court of Appeals, Second Circuit.

July 15, 1946.

Samuel Rosenthal, of Hartford, Conn., for appellant.

Arthur L. Jacobs, Sp. Asst. to the Atty. Gen. (Sewall Key, Acting Asst. Atty. Gen., A. F. Prescott, Sp. Asst. to the Atty. Gen., Adrian W. Maher, U. S. Atty., of Bridgeport, Conn., and Edward J. Lonergan, Asst. U. S. Atty., of Hartford, Conn., on the brief), for appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

CLARK, Circuit Judge.

Defendant, a New Jersey corporation having its principal place of business in Amston, Connecticut, appeals from an order denying its motion to vacate a summons, which required it to produce certain corporate books and records for the years 1940 through 1944 at the office of the Bureau of Internal Revenue in Hartford, Connecticut.[1] Defendant does not question the Bureau's general right to inspect its records while investigating possible tax deficiencies. It contends, however, that the summons was unreasonable in its demands, improper because of a prior examination of the books, and barred, as to the years 1940 and 1941, by the three-year Statute of Limitations in § 275(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 275 (a).

■ Defendant's arguments as to prior examination and the Statute of Limitations are without merit. Section 3614 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev. Code, § 3614, does provide that there shall be no unnecessary examinations of a taxpayer's books and that only one inspection may be had for each taxable year unless the Commissioner, after investigation, gives written notice that additional inspection is required. But defendant's claim of prior examination is made for the first time on this appeal and is not supported by the evidence below. The sole shred of testimony relied on consists of two vague statements by the corporation's president, both of which show his uncertainty as to the year in which the alleged examination took place and neither of which gives any indication as to the taxable years concerned.

■ Section 275(a), barring the collection of taxes after three years in the absence of prior assessment, does not preclude examination of the corporate records for 1940 and 1941. For this general three-

year limitation is modified by § 275(c),[2] which authorizes collection at any time within five years in a case where the taxpayer has omitted from gross income a sum exceeding 25 per cent of the amount reported. Ketcham v. C. I. R., 2 Cir., 142 F. 2d 996; Ewald v. C. I. R., 6 Cir., 141 F.2d 750; Corrigan v. C. I. R., 6 Cir., 155 F.2d 164. Obviously, this provision would be of no practical effect if the Bureau were barred from making the investigation necessary to ascertain such a misstatement. Nor should it be required to prove the grounds of its belief prior to examination of the only records which provide the ultimate proof. Cf. Perkins v. Endicott Johnson Corp., 2 Cir., 128 F.2d 208, 225, affirmed Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424.

■ The summons was not so sweeping in its scope as to constitute an unreasonable search and seizure within the meaning of the Fourth Amendment to the Constitution of the United States. Defendant objects to its requirement of all sales invoices, all vouchers supporting the accounts payable ledger and capital and revenue expenditures, and all retained copies of tax returns. But these records are clearly essential to any thorough tax investigation; and the examiner must have them simultaneously in his possession in order to check in its entirety any single transaction.

■ The only real question is as to the reasonableness of the requirement that defendant leave at the tax office in Hartford, twenty-five miles away, its books containing its current as well as past accounts for an investigation of possibly four months' duration. But under the circumstances shown of record, the order was within the power of the District Court. The Bureau's agents first went to defendant's place of business, and, although provided with cramped and inadequate accommodations,

---

[1] The summons also demanded records of N. Tully Semel, Inc., another corporation under the same management; but since it appeared that this was a New York corporation with its books in New York, the matter was not pressed, apparently pending consideration of their examination there, and is not before us on this appeal.

[2] It is also modified in § 276 by various exceptions for fraud, waiver, and assessments attributable to net operating loss carry-backs or unused excess profits credit carry-backs, which we need not consider here.

attempted to carry on the investigation there for almost two full days. The court found that defendant's employees persisted in interference with the agents' activities; and the record shows that a general tone of ill-will and resentment prevailed. It was only after the occurrence of two distinctly unpleasant incidents that the investigators returned to the tax office and served the corporation's president with the subpoena in question.

The order as it now stands is likely to cause defendant some hardship. Since it keeps its accounts receivable on a continuous basis in bound volumes, its employees are sometimes required to examine the subpoenaed records for purposes of current business. The court pointed out, however, that trips to Hartford could be avoided if copies of the required records were made or a temporary duplicate accounting system initiated.[3] The corporation's president stated at the hearing, under his counsel's leading, that he was now willing to allow the investigation to proceed without interference in his own office at the plant. But the good faith of this perhaps belated change of heart and the likelihood of wholehearted compliance with the needs of the investigation were for determination below.

The case involves essentially a practical problem of administration in the light of facts and personalities necessarily more clearly disclosed to the court which heard the evidence than to us. Moreover, that court is close at hand to hear and properly to evaluate a renewed application, should one be made, which may show a better climate of opinion between the parties and easier methods of achieving the statutory purpose with less burden to the taxpayer. In matters so largely of administrative detail, our function should only be to correct abuses of discretion and of power by the trial judge. This record does not show a case requiring our interference.

Affirmed.

SWAN, Circuit Judge (concurring).

In these days when Government has to conduct so many investigations of private business, it is important that oppressive interference by governmental agents be as limited as is reasonably consistent with the public interest. I think the District Court would have acted more wisely if it had allowed the appellant's belated offer to cooperate with the investigators to be put to a test at the plant before requiring its current books to be taken twenty-five miles away for an estimated period of four months. However, as the order was within the court's power and my brothers see no abuse of discretion in making it, I concur, though not without a residuum of doubt, in its affirmance.

---

[3] Since these books appear to cover five-year periods seemingly closing with 1945, mere passage of time may have obviated much of the difficulty by now.