## In re PARAMOUNT JEWELRY CO., Inc.

United States District Court
S. D. New York.
June 17, 1948.

Fred W. Shields, of Washington, D. C. (King & King, of Washington, D. C., on the brief), for plaintiff.

Paris T. Houston, of Washington, D. C., and H. G. Morison, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

John F. X. McGohey, U. S. Atty., of New York City (Henry L. Glenn, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Aranow, Brodsky, Einhorn & Dann, of New York City (Samuel Brodsky, of New York City, of counsel), for Paramount Jewelry Co., Inc.

COXE, District Judge.

This is an application for an order vacating an order of this court directing Edward Stein, the President of Paramount Jewelry Co., Inc., to appear before a Special Agent of the Bureau of Internal Revenue and give testimony with reference to the income tax liability of the company for the two fiscal years ending June 30, 1942, and June 30, 1943, and the period ending December 31, 1943, and to produce its books and records for such periods.

The order sought to be vacated was issued under Section 3633(a) of the Internal Revenue Code, 26 U.S:C.A., to compel compliance with a summons, which had been issued under the authority of Section 3614(a), and with which Stein had refused to comply.

The order is sought to be vacated on the grounds that (1) Section 3631 prohibits unnecessary examinations and more than one inspection for each taxable year, unless the Commissioner notifies the taxpayer in writing that an additional inspection is necessary, and (2) any assessment of taxes for the two fiscal years is barred by the Statute of Limitations.

The affidavits of the Internal Revenue Agents sufficiently show the probable concealment of income, and, as they assert that their investigation and audit has not been completed, its continuance should not be halted by the court, even though they have examined the taxpayer's books three or four times during the past two years. The existence of fraud bars any application of the Statute of Limitations. 26 U.S.C.A. § 276(a); United States v. United Distillers Products Corp., 2 Cir., 156 F.2d 872, 873, 874.

Section 3631, however, provides that only one inspection of a taxpayer's books shall be made for each taxable year unless the Commissioner shall notify the taxpayer in writing that an additional inspection is necessary. No such notice has been given here. If the taxpayer insists upon receiving such a notice, the motion will be granted, but with permission to serve such a notice and thereafter to issue another summons. Otherwise the motion is denied.