## UNITED STATES v. PEOPLES DEPOSIT BANK & TRUST CO.

No. 1006.

United States District Court
E. D. Kentucky, Lexington.

June 5, 1953.

Claude P. Stephens, U. S. Atty., Lexington, Ky., George W. Ledbetter, Enforcement Counsel for Bureau of Internal Revenue, Louisville, Ky., for plaintiff.

Victor A. Bradley, Georgetown, Ky., William Blanton, Paris, Ky., Bradley & Blanton, Paris, Ky., Richard L. Shook, Washington, D. C., and Shook, Lax & Olson, Washington, D. C., for defendant.

FORD, Chief Judge.

By this proceeding jurisdiction of the court is invoked, 26 U.S.C.A. § 3633, to enforce obedience to a summons issued under the authority conferred by § 3614 of the Internal Revenue Code, 26 U.S.C.A. § 3614, requiring the defendant bank, by its cashier, to appear at a stated time and place before Edward E. Ruby, Special Agent of the Bureau of Internal Revenue, and there to produce for the examination and inspection of the Revenue Agent certain specified books, records, papers and memoranda of the bank evidencing transactions in the years 1944 to 1951, inclusive, bearing upon the tax liability of E. F. Prichard, Sr., his wife Allene Power Prichard, E. F. Prichard, Jr., and his wife Lucy Prichard, and to give testimony in respect thereto.

Upon the filing of the complaint, a rule to show cause was served upon the defendant. It promptly responded stating its reasons for not producing certain of its records. It disclaimed any purpose or intention to impede or delay a lawful examination of its records and asked judgment of the court declaring its rights and duties under the facts and circumstances disclosed.

The only evidence presented was the testimony of Edward E. Ruby, the Special Agent at whose instance the proceeding was instituted. His testimony may be

briefly summarized as follows: For quite a while prior to January 21, 1953, Mr. Ruby and Revenue Agent Tom Porter were engaged in investigating public records of deeds and various other sources of information relative to income tax liability of E. F. Prichard, Sr. Upon consideration of the information received from these various sources, these agents reached the conclusion that a substantial amount of Mr. Prichard's income had been unreported and that in order to secure more complete and accurate information as to this unreported income, it was necessary to examine the records of the defendant bank where Mr. Prichard had transacted his banking business for a number of years. On January 21, 1953, Mr. Ruby and his assistant went to the bank, conferred with the cashier and upon being assured that the desired records covering the years 1944–1951, inclusive, were available, he testified: "We then completed· our subpoena and served it on the cashier". With the apparent concurrence of the cashier, they proceeded with their examination, and by the time they had inspected a considerable number of the 1949, 1950 and 1951 records and a portion of the ledger sheets for the year 1944, Mr. Prichard, accompanied by his accountant, appeared at the bank and objected to the examination of the records relating to his transactions prior to the year 1949 on the ground that a statute of limitation precluded examination of the records of such prior years. The bank then refused to comply with the summons relative to the records for the years 1944, 1945, 1946, 1947 and 1948.

Defendant has since withdrawn its objection to the examination of the records of E. F. Prichard, Sr., for the years 1947 and 1948, thus leaving in issue, in respect to his records, only those relating to transactions occurring in the years 1944, 1945 and 1946.

Mr. Ruby, carefully endeavoring to avoid disclosure of facts or details within the inhibitions imposed upon him by regulations or the statute, 26 U.S.C.A. § 55(f), said that from all the sources available, "we were able to make up a net worth statement or an accounting of his net worth at the end of various years, even in the absence of

seeing all the bank records, and that ·has disclosed a substantial shortage, which indicates to us that there is a strong suspicion of fraud." As to the necessity of examining the bank records of E. F. Prichard, Jr., the testimony of Mr. Ruby is to the effect that E. F. Prichard, Jr., had many transactions with his father and it was considered necessary to examine his records "in order to get the · correct tax liability of E. F. Prichard, Sr."

Pertinent statutory provisions set out in the Internal Revenue Code, Title 26 United States Code Annotated, are as follows:

"§ 3614. *Examination of books and witnesses*

"(a) *To determine liability of the taxpayer.* The Commissioner, for the purpose of ascertaining the correctness of any return or for the purpose of making a return where none has been made, is authorized, by any officer or employee of the Bureau of Internal Revenue, including the field service, designated by him for that purpose, to examine any books, papers, records, or memoranda bearing upon the matters required to be included in the return, and may require the attendance of the person rendering the return or of any officer or employee of such person, or the attendance of any other person having knowledge in the premises, and may take his testimony with reference to the matter required by law to be included in such return, with power to administer oaths to such person or persons."

"§ 3631. *Restrictions on examination of taxpayers*

"No taxpayer shall be subjected to unnecessary examinations or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Commissioner, after investigation, notifies the taxpayer in writing that an additional inspection is necessary. 53 Stat. 441."

"§ 3633. *Jurisdiction of district courts*

"(a) *To enforce summons.* If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district

in which such person resides shall have jurisdiction by appropriate process to compel such attendance, testimony,: or production of books, papers, or other data."

"§ 275. *Period of limitation upon assessment and collection*

"*Except as provided in section 276—*

"*(a) General rule.* The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period. ˙

\*     \*     \*     \*     \*     \*

"(c) *Omission from gross income.* If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed."

"§ 276. *Same—Exceptions*

"(a) *False return or no return.* In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time."

The defendant contends that "in the absence of a showing to the court of reasonable grounds to suspect that the taxpayer,. E. F. Prichard, Sr., filed a fraudulent return for any particular taxable year otherwise barred by the statute of limitations, the defendant is not required to make available its records for any such taxable years", and that "the evidence does not support a finding that there are reasonable grounds to suspect that the taxpayer, E. F. Prichard, Sr., filed a fraudulent return for a taxable year prior to 1947".

In support of its position, the defendant cites and relies upon the following cases: In re Andrews' Tax Liability, D.C., 18 F. Supp. 804; Zimmermann v. Wilson, 3 Cir., 81 F.2d 847; Martin v. Chandis Securities Co., 9 Cir., 128 F.2d 731; United States ex rel. Sathre v. Third N. W. National Bank,

D.C., 102 F.Supp. 879; In re Brooklyn Pawnbrokers, Inc., D.C., 39 F.Supp. 304; In re Paramount Jewelry Co., D.C., 80 F. Supp. 375.

In those cases factual situations were shown which are not present in this case, hence they are of little help upon the question before us. The defendant here does not seek to justify its refusal to obey the summons upon the ground of an unreasonable search in violation of the Fourth Amendment or that the records sought are not readily identifiable and conveniently available or that they are not relevant to the inquiry, or that previous investigations of the same records have rendered further investigation unnecessary or oppressive. It is not suggested that the participating Revenue Agents have acted arbitrarily, or capriciously or with any motive other than to make a lawful investigation.

After carefully reading each of the cases cited and relied upon by defendant, I am convinced that none of them should be regarded as controlling or persuasive authority in support of the position of the defendant in this case.

By § 276 of the Internal Revenue Code, supra, all limitations are removed in respect to actions based upon fraud. It therefore seems quite clear that § 275 which fixes certain general limitations upon the collection of taxes, has no applicability or bearing upon the need for an investigation for the detection of false or fraudulent returns, nor does it have any relation to the period which may be covered by such inquiry.

In United States v. United Distillers Products Corp., 2 Cir., 156 F.2d 872, 874, referring to another exception to the general limitation, the Court said: "Obviously, this provision would be of no practical effect if the Bureau were barred from making the investigation necessary to ascertain such a misstatement. *Nor should it be required to prove the grounds of its belief prior to examination of the only records which provide the ultimate proof.*" (Emphasis added.)

Mr. Prichard, whose objection to the examination precipitated this litigation,

is neither a party to this proceeding nor possessed of any proprietary interest in the records called for by the summons. They are the property of the bank. Cooley v. Bergin, D.C., 27 F.2d 930, 933.

■ By service of the summons, the agents for the Bureau make no charge of fraud or other accusation against the bank or its customers. They are merely engaged in an effort to discover facts bearing upon whether a taxpayer has filed fraudulent returns with intent to evade the tax. The method adopted in order to reveal significant facts pertinent to such inquiry is usually referred to as the "net worth method". By this method evidence of fraud may sometimes be found by comparing increases in a taxpayer's net worth from year to year with his tax returns. To render such evidence of probative value, it is obviously essential that it reflect the result of business transactions over a considerable number of years, of which bank records are usually a fruitful source of information. This is impressively illustrated in Gariepy v. United States, 6 Cir., 189 F.2d 459, where it appears that by computations made from books, records and other information reflecting the taxpayer's transactions beginning with 1938 to the end of the tax year 1945, it was shown that his assets increased far in excess of his reported income.

Since Congress has conferred upon agents of the Bureau of Internal Revenue, a department of the United States Treasury, the power and duty to administer the laws relating to the detection of false and fraudulent tax returns and has expressly provided the method which is sought to be utilized in this case as a reasonable and proper means to that end, it does not seem doubtful that it has also entrusted to such administrative officers the authority to exercise their informed judgment in the determination of questions as to the need for, as well as the time, place and extent to which the permitted means of detection should be employed. The public interest, with which such matters are impressed and the evils at which the legislation designed to uncover fraud is directed, emphasizes the importance of avoiding judicial imposition of such hampering restrictions or frustrating limitations as would likely result from the requirement of the character of showing advocated and urged by the defendant as a condition precedent to the inspection of relevant records.

In response to an appeal for imposition of limitations upon investigatory powers granted by the statute to the Securities and Exchange Commission, pursuant to which subpoenas were issued requiring the production of records of a broker bearing upon transactions of one of his customers whose stock dealings were under investigation by the Commission, Judge Learned Hand said:

"* * * The suppression of truth is a grievous necessity at best, more especially when as here the inquiry concerns the public interest; it can be justified at all only when the opposed private interest is supreme. * * * "* * * Unless such subpoenas are valid, it is impossible to see how the statutes can be enforced at all, or how any wrongdoer can be brought to book." McMann v. Securities & Exchange Comm., 2 Cir., 87 F.2d 377, 378, 379, 109 A.L.R. 1445.

In considering and commenting upon a similar question presented in Perkins v. Lukens Steel Co., 310 U.S. 113, 131, 60 S. Ct. 869, 879, 84 L.Ed. 1108, the Supreme Court observed: "The case before us makes it fitting to remember that 'The interference of the courts with the performance of the ordinary duties of the executive departments of the government, would be productive of nothing but mischief; and we are quite satisfied, that such a power was never intended to be given to them.' "

■ In the absence of a showing of oppressive, unreasonable or unnecessary requirements made under § 3614 of the Internal Revenue Code, the weight of authority not only upholds the constitutional validity of the Act, but approves its liberal interpretation as well as enforcement of prompt obedience to the procedure authorized by it. First National Bank of Mobile v. United States, 267 U.S. 576, 45 S.Ct. 231, 69 L.Ed. 796; affirming D.C., 295 F. 142; Brownson v. United States, 8 Cir., 32 F.2d 844; McMann v. Securities and Exchange

Commission, 2 Cir., 87 F.2d 377; McGarry v. Securities and Exchange Commission, 10 Cir., 147 F.2d 389; United States v. United Distillers Products Corp., 2 Cir., 156 F.2d 872; United States v. First National Bank, 5 Cir., 160 F.2d 532.

My conclusion is that the position assumed by the defendant is untenable; that it was the duty of the defendant to have obeyed the summons of January 21, 1953, and it should obey such summons as may hereafter be issued under § 3614 in respect to the same matters.

Judgment will be entered in conformity herewith.