**In re WOOD et al.**
Civ. No. 2710.

United States District Court,
W. D. Kentucky, at Louisville.

July 14, 1954.

Thomas E. Sandidge, Owensboro, Ky., Darby & Fitzgerald, Evansville, Ind., for petitioners.

J. Leonard Walker, U. S. Atty., William B. Jones, Asst. U. S. Atty., Louisville, Ky., for the Government.

SHELBOURNE, Chief Judge.

January 11, 1954, the Director of Internal Revenue for the District of Kentucky, filed his written application in this Court, seeking the issuance of an order directed to Clarence Wood and Mary L. Wood, Henderson, Kentucky, requiring them to appear in this Court on the 25th day of January 1954, and show cause why they should not appear at a time and place then to be fixed by this Court, to obey a summons served upon them on the 10th day of February 1953. Attached to the Director's application, was the affidavit of S. Lewis Guthrie, Special Agent for the Bureau of Internal Revenue, stating that on the 10th day of February 1953, he had served on Clarence Wood, a summons for him and his wife Mary L. Wood, to appear and testify on the 17th day of February at the Federal Building in Owensboro, and there to produce the records described in said summons. The affidavit further discloses that on February 17, 1953, Clarence Wood alone did appear but refused to answer any questions concerning his tax returns or income for the years 1938 to 1951 inclusive and refused to produce any of the books or records named in the summons.

The Special Agent's affidavit recites that he had examined the income tax returns of Clarence Wood and Mary L. Wood for the years 1938 to 1951 and had made an analysis of the net worth of the aforesaid persons and believed that there had been an understatement of income fraudulently made to the United States during said period and that it was necessary in order properly to prepare and make a true and accurate statement of the net worth of said taxpayers for said period that the Special Agent have access to the books and records and the testimony of the taxpayers.

The summons issued February 10, 1953, directed the taxpayers to produce the books, papers and records relative to taxpayers' oil operations, farm operations, gambling operations, construction of a residence and their personal bank accounts, including all cancelled checks during the years 1938 to 1951 inclusive, and that summons was returnable February 17, 1953.

It is recited in the Director's application filed here that on February 17, 1953, Clarence Wood did appear but refused to produce the books and records and refused to give testimony concerning his tax returns for any of the years named.

It is recited that the Special Agent has reasonable grounds to believe and does believe that fraud has been perpetrated against the Government by the taxpayers in failing to disclose all of their income for the years indicated and states that it is necessary and essential that the books and records and testimony required by the summons be produced and given so that an accurate computa-

tion of the true net worth of taxpayers may be arrived at.

It was further stated that a letter from the Commissioner of Internal Revenue directed to Clarence Wood and Mary L. Wood was personally delivered to them, notifying them that the income tax returns made by them for the years 1947 and 1948 were being reopened for the purpose of re-examining said returns and that that letter was delivered to taxpayers November 19, 1952 and that a similar letter pertaining to the years 1938 through 1946 was personally delivered to the taxpayers on February 10, 1953.

The Court issued the requested order on January 11, 1954, returnable January 25, 1954 and on the last named date the defendants filed—

1. Motion to quash the summons. 2. Motion to vacate the order issued to show cause and 3. A motion to dismiss. The grounds in support of the motion to dismiss are that the application or complaint "fails to state a claim against the defendants upon which relief can be granted".

The taxpayers filed two documents, each styled "Motion to Quash Summons and To Vacate Order to Show Cause". For convenience we will designate these similarly entitled motions as Motion to Quash No. 1 and Motion to Quash No. 2. In No. 1 taxpayers move to quash the summons dated February 10, 1953 as to the years 1949, 1950 and 1951, for the reasons that (1) the records, books and papers sought by the summons had previously been examined and inspected by the Agents of the Internal Revenue Service. (2) That the summons was issued and served upon them without any previous notice in writing from the Commissioner that an additional inspection of their records for said years was necessary, as required by Section 3631 of Title 26 U.S.C.A., alleging that written notice is a condition precedent before the issuance of a summons requiring taxpayers to testify and produce records. (3) Because the summons and application do not allege that written notice was given

to taxpayers requesting an examination of their records for the years 1949 to 1951 inclusive and neither the summons nor application for the show cause order state facts showing the necessity for such an examination. (4) That obedience to the summons and show cause order would violate the constitutional privileges and rights of the defendants under the Fourth and Fifth Amendments of the Constitution of the United States, which protects the defendants in being secure in their persons, houses, papers and effects against unreasonable searches and seizures and protects them from being compelled to be a witness against themselves and that the record sought by the Government and any testimony that the defendants might give, might be and would be used as evidence against the taxpayers in any criminal proceeding instigated by the government for violation of the Internal Revenue Laws of the United States.

There was filed with this motion, the affidavit of Kenneth H. Cassidy, taxpayers' accountant, who states that in the month of January 1952, a request was made by Robert M. Clemens, Internal Revenue Agent, together with another Special Agent, whose name affiant could not recall, for the books of the taxpayers for the taxable years 1949 through 1951, and pursuant to that request the books were placed in affiant's office where the agents of the Internal Revenue Service inspected the books and records from time to time for a period of nine months.

The Motion to Quash and Vacate the order to Show Cause No. 2, relates to the records for the years 1938 through 1949, based upon the following reasons. (1) The summons and application for show cause order on their face show that the time for further assessment and collection of taxes for the years in question had expired prior to the issuance of the order on January 11, 1954, and that the petition (application) failed to state any facts sufficient to show the grounds of suspicion of fraud or probable case of fraud. (2) That the summons and application for show cause order did not

state facts showing the necessity for an examination of the records for those years. (3) That the summons and application for show cause order, if compelled to be obeyed, would violate the constitutional privileges and rights of the taxpayers under the Fourth and Fifth Amendments to the Constitution of the United States.

The case has been briefed upon the taxpayers' motions and is submitted thereon.

At this juncture, it is proper to refer to a written previous application for show cause order filed December 16, 1953, and based upon the summons of February 10, 1953, upon which the present application is pending.

The application for show cause order filed December 16, 1953, was dismissed on motion of the United States Attorney filed January 11, 1954, "because of the failure of the petitioner to allege fraud as to the years 1938–1947 in the original application herein."

Following the filing of the first application, a show cause order issued returnable December 1953, and there was attached to that application a transcript of proceedings before S. Lewis Guthrie, a Special Agent and Robert M. Clemens, an Internal Revenue Agent, at Owensboro on February 17, 1953, when the taxpayer Clarence Wood appeared in the company of his Attorneys Mr. William T. Fitzgerald and Mr. Thomas E. Sandidge and his then accountant W. T. Boden. From this transcript it appears that Mr. Wood was sworn as a witness and advised of his constitutional rights to decline to make any statement or answer any questions which might tend to incriminate him, or to make any statement that might be against his interest and which could be thereafter used against him and when asked whether he brought with him to that hearing the books and records, he said—

"I refuse to produce the books and papers for the years 1938 to 1951, as named in the summons issued to me on the 10th day of February 1953, by S. Lewis Guthrie, Special Agent, for the reason that to do so would subject me to unnecessary examination and investigation, as the books and papers herein requested to be produced have been heretofore examined fully by representatives of the Internal Revenue Department.

"I have filed returns which have been heretofore checked and the taxes were assessed for the named years and the taxes have been fully paid and the period of limitation upon assessment and collection of taxes for the years 1938 to 1948, inclusive, has expired.

"I have been informed by the Special Agents of the Internal Revenue Service of the United States Treasury Department that they are seeking to establish that I have made fraudulent returns, but they have in no manner stated to me any facts which would warrant a further investigation of my papers and records and this investigation is merely cumulative harassing and oppressive.

"I further refuse to produce the said papers and records, exercising my constitutional privileges and rights under the Fourth Amendment of the Constitution of the United States which protects me in being secure in my person, houses, papers, and effects against unreasonable searches and seizures and that to be compelled to produce the papers, records and books requested would be violative of my rights under said Fourth Amendment and said records, books and papers, or any material contained therein is intended to be, and would be, used as evidence against me in proposed criminal proceedings for the violation of the Internal Revenue Laws of the United States.

"I further refuse to produce the said papers and records, exercising my constitutional privileges and rights under the Fifth Amendment of the Constitution of the United

States which protects me from being compelled to be a witness against myself in any criminal case, and that to be compelled to produce the papers, records and books requested would be violative of my rights under said Fifth Amendment and said records, books and papers, or any material therein, is intended to be, and would be used as evidence against me in proposed criminal proceedings for the violation of the Internal Revenue Laws of the United States."

Thereafter, he was asked certain questions, to which his reply was substantially the same as that quoted above.

The sections of the Internal Revenue Act here involved are the following:

As to jurisdiction of the District Court, section 3633, Title 26 U.S.C.A.—

"(a) To enforce summons. If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data."

As to the authority of the Commissioner of Internal Revenue, section 3614, Title 26 U.S.C.A., which is as follows—

"(a) To determine liability of the taxpayer. The Commissioner, for the purpose of ascertaining the correctness of any return or for the purpose of making a return where none has been made, is authorized, by any officer or employee of the Bureau of Internal Revenue, including the field service, designated by him for that purpose, to examine any books, papers, records, or memoranda bearing upon the matters required to be included in the return, and may require the attendance of the person rendering the return or of any officer or employee of such person, or the attendance of any other person having knowledge in the premises, and may take his testimony with reference to the matter required by law to be included in such return, with power to administer oaths to such person or persons."

As to the restrictions of the examination, Section 3631 of Title 26 U.S.C.A.—

"No taxpayer shall be subjected to unnecessary examinations or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Commissioner, after investigation, notifies the taxpayer in writing that an additional inspection is necessary."

Section 275 of Title 26 prescribes the period of limitation and is as follows—

"(a) General rule. The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period. * * *

"(c) Omissions from gross income. If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed."

Section 276, containing the exceptions referred to in section 275, is as follows—

"(a) False return or no return. In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time."

On the taxpayers' motion to dismiss, it is argued by their Counsel that the

attempt on the part of the Director to allege fraud is insufficient.

In the application it is stated—"After an inspection of the income tax returns of said Clarence Wood and Mary L. Wood for the years 1938 through 1951, by Special Agent S. Lewis Guthrie, and an analysis of the net worth of the aforesaid persons for said period, *there is reasonable ground to believe, and it is believed by Special Agent S. Lewis Guthrie, that fraud has been perpetrated against the United States Government in that the subjects failed to disclose all of their income for the years indicated.*" (Emphasis added.)

Counsel contends that the above quoted statement is an attempt on the part of the Commissioner to avoid the statutory provision restricting examination of taxpayers, 26 U.S.C.A. § 3631, by showing that the examination comes within the exception stated in the Internal Revenue Code, 26 U.S.C.A. § 276, that fraud has been committed and under the authorities construing such section, if the affidavit and application shows probable cause that fraud was committed by the taxpayers, the books and records of the taxpayer may be re-examined.

The contention is that the affidavit contains little more than a statement and conclusion and that it is necessary that the facts giving rise to the belief and the reasonable grounds for belief be set out in the application and the affidavit of the Special Agent. It is further contended that such allegations of fact showing the fraud contended for should be alleged for each year separately, unless an allegation was made that an identical pattern existed during all of the years. In support of this contention, Counsel rely upon Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746; Jones v. Securities and Exchange Commission, 298 U.S. 1, 56 S.Ct. 654, 80 L. Ed. 1015; Feldman v. United States, 322 U.S. 487, 64 S.Ct. 1082, 88 L.Ed. 1408; and Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652; and Grau v. United States, 287 U.S. 124, 53 S.Ct. 38, 77 L.Ed. 212.

Taxpayers contend that the Director and the Agent are not the sole judges as to the scope of the examination and that they must satisfy the Court that what they seek must be actually needed. Otherwise, say the taxpayers, the Director and the Special Agent are assuming inquisitorial powers beyond the scope of the statute; that this Court must make a determination as to the probable fraud upon facts stated by the Director and the Special Agent and that the affidavit "that there is reasonable ground to believe and it is believed by Special Agent S. Lewis Guthrie that fraud has been perpetrated against the United States Government in that the subjects failed to disclose all of their income for the years indicated" is insufficient.

The provisions of Section 54(a), Title 26 U.S.C.A. require a taxpayer to keep books and by Section 3614, Title 26 U.S. C.A., the Commissioner, by any officer or employee of the Bureau, may examine the taxpayer's books and records and require the attendance of the person rendering the return and may take his testimony. In Falsone v. United States, 5 Cir., 205 F.2d 734, 742, the power granted to the Commissioner by Section 3614, supra, is defined as inquisitorial in character and similar to the power vested in Federal Grand Juries and in Brownson v. United States, 8 Cir., 32 F.2d 844, 848 it is stated that this statute should be liberally construed because of the important ends it seeks to achieve.

In the case of United States v. Peoples Deposit Bank & Trust Co., D.C., 112 F. Supp. 720, affirmed per curiam, 6 Cir., 212 F.2d 86, petition for certiorari filed June 14, 1954, Judge Ford considered the statutes in connection with an objection by the taxpayer to a bank producing for examination and inspection books and records, papers and memoranda evidencing transactions bearing upon the tax liability of certain taxpayers. The Bank produced the records and while they were in process of being examined

by the Agents of the Bureau, taxpayer demanded that the Bank not furnish the information and the examination was terminated. There Judge Ford referred to Section 276 of Title 26 U.S.C.A. and said—

> " * * * all limitations are removed in respect to actions based upon fraud. It therefore seems quite clear that § 275 which fixes certain general limitations upon the collection of taxes, has no applicability or bearing upon the need for an investigation for the detection of false or fraudulent returns, nor does it have any relation to the period which may be covered by such inquiry." [D.C., 112 F.Supp. 723.]

Judge Ford quotes, with approval, from United States v. United Distillers Products Corp., 2 Cir., 156 F.2d 872, 874, to the effect that the Bureau should not be required to prove the grounds of its belief as to fraud prior to the examination of the only records which will provide the ultimate proof. The affidavit of the Special Agent of the Bureau of Internal Revenue in that case was similar to the one in the case at Bar. There, the Agent said, " 'we were able to make up a net worth statement or an accounting of his net worth at the end of various years, even in the absence of seeing all the bank records, and that has disclosed a substantial shortage, which indicates to us that there is a strong suspicion of fraud.' "

In affirming this case, the Sixth Circuit in 212 F.2d 87 said—

> "The special agent was not obliged to disclose in detail the facts relative to his investigation and conclusion, nor was the District Court obliged to require proof of facts showing reasonable grounds to believe that the tax returns of E. F. Prichard, Sr., and others were false or fraudulent."

There is no showing that the examination of the taxpayers' books and records subjects the taxpayers to any unreasonable or unnecessary search of their papers or belongings which would invade their constitutional privileges. The fact that records have been previously examined affords no reason why they should not be again examined.

It is concluded by the Court that the motions of the taxpayers to dismiss this proceeding and to quash the summons and order issued by this Court January 11, 1954, should be and each hereby is overruled. An order to that effect is this day entered.