In the Matter of Clarence WOOD and Mary L. Wood.

Civ. A. No. 2710.

United States District Court
W. D. Kentucky, at Louisville.

March 22, 1955.

J. Leonard Walker, U. S. Atty., Louisville, Ky., William B. Jones, Asst. U. S. Atty., Louisville, Ky., for the United States.

Thomas E. Sandidge, Owensboro, Ky., Darby & Fitzgerald, Evansville, Ind., for defendants.

SHELBOURNE, Chief Judge.

By this proceeding jurisdiction of the Court is invoked, 26 U.S.C. § 3633, to enforce obedience to a summons issued under the authority conferred by Section 3614 of the Internal Revenue Code, 26 U.S.C. § 3614, requiring the defendants to appear before an agent of the Bureau of Internal Revenue and there to produce for his examination and inspection certain specified books, records, papers and memoranda evidencing their income and "net worth" for the years 1938 to 1951, and bearing upon their tax liability.

Upon the filing of the complaint, a rule to show cause was served upon the defendants. The defendants filed a motion to quash the summons issued pursuant to the rule and to vacate the order to show cause along with a memorandum in the record. The defendants urged in this memorandum the same defenses as they later offered in answer to the complaint

herein. The principal arguments offered being, first, that since the limitations had run under the Code for assessment of taxes for the years 1938 through 1949, the re-examination of records for those years should be barred unless the Bureau clearly demonstrated fraudulent concealment of income during the period, and second, that since the Bureau had already had an opportunity to examine the records for the years 1949–1951, written notice must first be served upon the defendants informing them of the Bureau's intention to re-examine those records, the service of such notice being denied by the defendants.

This Court overruled the motion, D.C., 123 F.Supp. 297. Thereafter the defendants filed their answer to the complaint and a motion to require the production of the report of the agent of the Bureau who had examined their records in 1945, as well as the net worth statements prepared by agents of the Bureau for the years 1938, 1939, 1946, 1947, 1948 and 1954. This motion was also overruled by this Court and the cause was heard. At the hearing the only evidence introduced by the Bureau was the testimony of Special Agent S. L. Guthrie to the effect that he had made a review of the information in the Government's files relative to the defendants, had estimated their net worth therefrom and that " * * * Based on my net worth computation, compared with the net income reported by the taxpayers during the years involved, I have strong suspicion that the taxpayers made a fraudulent understatement of the taxable net income reported to the Government during those years."

The defendants contend that by producing only the above testimony, without showing in detail the facts contributing to this conclusion, the Bureau has failed to introduce any evidence showing that reasonable ground for suspicion of fraud exists in any of the years in question and that the action of the Special Agent is arbitrary and capricious in desiring to re-examine the books and records which have heretofore been fully examined by previous representatives of the Bureau.

In this Circuit the pertinent law is set out in the case of Peoples' Deposit Bank & Trust Company, Paris, Ky. v. United States, 6 Cir., 212 F.2d 86, where the Court said:

"Per Curiam. The appellant bank appeals from the District Court's judgment requiring it to obey a summons issued by a special agent of the Bureau of Internal Revenue, in pursuance of section 3614 of the Internal Revenue Code, 26 U.S.C.A. § 3614, to appear and produce for inspection and examination certain books, records, papers, and memoranda of the bank evidencing transactions occurring in the years 1944, 1945, and 1946, relating to the tax liability of E. F. Prichard, Sr., Allene Power Prichard, E. F. Prichard, Jr., and Lucy Prichard.

"At the hearing on the District Court's order directing the appellant bank to show cause why it should not be punished for contempt of court in failing to obey the summons, a special agent of the Bureau of Internal Revenue testified in substance, that from his investigation he had concluded that there was strong suspicion of a false or fraudulent tax return by E. F. Prichard, Sr., for a certain year or years prior to the statutory limitation. See sections 275, 276, Internal Revenue Code, 26 U.S.C.A. §§ 275, 276. The Special agent was not obliged to disclose in detail the facts relative to his investigation and conclusion, *nor was the District Court obliged to require proof of facts showing reasonable grounds to believe that the tax returns of E. F. Prichard, Sr., and others were false or fraudulent.*

"*The testimony of the special agent clearly justified the District Court's judgment requiring the appellant bank to obey the summons to appear and produce the books, records, papers, and memoranda in question.* Section 3633, Internal Revenue Code. * * * For the reasons stated in the opinion below,

D.C. 112 F.Supp. 720, the judgment is affirmed." (Emphasis supplied.)

Judge Ford in his opinion in the Peoples' Deposit Bank & Trust Co. case, D. C.E.D.Ky.1953, 112 F.Supp. 720 stated, at 12 F.Supp. 724 what appears to us to be the desirable public policy in this regard:

"Since Congress has conferred upon agents of the Bureau of Internal Revenue, a department of the United States Treasury, the power and duty to administer the laws relating to the detection of false and fraudulent tax returns and has expressly provided the method which is sought to be utilized in this case as a reasonable and proper means to that end, it does not seem doubtful that it has also entrusted to such administrative officers the authority to exercise their informed judgment in the determination of questions as to the need for, as well as the time, place and extent to which the permitted means of detection should be employed. The public interest, with which such matters are impressed and the evils at which the legislation designed to uncover fraud is directed, emphasizes the importance of avoiding judicial imposition of such hampering restrictions or frustrating limitations as would likely result from the requirement of the character of showing advocated and urged by the defendant as a condition precedent to the inspection of relevant records. * * *

"In the absence of a showing of oppressive, unreasonable or unnecessary requirements made under § 3614 of the Internal Revenue Code, the weight of authority not only upholds the constitutional validity of the Act, but approves its liberal interpretation as well as enforcement of prompt obedience to the procedure authorized by it."

■ The defendants argue that the Peoples' Deposit Bank & Trust Co. case, supra, is not controlling here because the records sought by the Bureau there were not the records of the bank from whom they were subpoenaed, but belonged to individuals who were not parties to the action. We adopt the view of the Court of Appeals of the Ninth Circuit in this regard in holding the real ownership of the documents sought does not determine the statutory authority or lack of authority residing in the Bureau, but that whatever limitations upon the Bureau's power have been placed in the statute apply to all persons thus subpoenaed. Thus, in Martin v. Chandis Securities Co., 9 Cir., 1942, 128 F.2d 731, the Court of Appeals for the Ninth Circuit stated at 128 F.2d 735, 736:

"Section 3614(a), Int.Rev.Code, authorizes the instant examination. The authority thus granted is unlimited as to time, place and extent. Section 3631 clearly limits examinations and investigations of a *taxpayer's* books to ones which are necessary. Pacific Mills v. Kenefick, 1 Cir., 99 F.2d 188, 189. The question is whether in investigating the return of one taxpayer, the Bureau may investigate the books of a third person regardless of whether the investigation is necessary or not. In other words, is § 3631 a limitation on the power of the Bureau, or is it merely a personal right available only to the taxpayer?

"We believe it is the former."

The defendants have sought to place themselves within the exceptions which Judge Ford incorporated into his opinion in the Peoples' Deposit Bank & Trust Co. case, supra, at 112 F.Supp. 723:

"The defendant here does not seek to justify its refusal to obey the summons upon the ground of an unreasonable search in violation of the Fourth Amendment or that the records sought are not readily identifiable and conveniently available or that they are not relevant to the inquiry, or that previous investigations of the same records have rendered further investigation unnecessary or oppressive. It is not suggested that the participating

Revenue Agents have acted arbitrarily, or capriciously or with any motive other than to make a lawful investigation."

The record does lend some support to the applicability of one of the above exceptions. The Bureau has admitted that previous investigations of the same records have taken place. However, the extreme complexity of the businesses engaged in by the defendants and the multiplicity of their fields of endeavor appear to be ample justification for the Bureau's position in regard to a re-examination, as being neither unnecessary, or oppressive under the facts of this case, proper written notice for this purpose having been served upon the defendants by the Bureau.

My conclusion is that the position assumed by the defendants is untenable; that it was the duty of the defendants to have obeyed the summons and they should obey such summons as may hereafter be issued under Section 3614 in respect to the same matters.

Judgment will be entered in conformity herewith.