SECRETARY OF THE TREASURY OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT, SAN JUAN PART, J. M. CALDERÓN, JR., JUDGE, Respondent; BANCO POPULAR DE PUERTO RICO AND CÉSAR ANDRÉU RIBAS ET UX., Interveners.

No. 2488. Submitted October 20, 1959.—Decided January 28, 1960.

---

*Hiram R. Cancio, Secretary of Justice, Arturo Estrella, Assistant Secretary of Justice,* and *Stanley R. Segal, Assistant Attorney General,* for petitioner. *Gabriel de la Haba, Rafael Baragaño, Jr.* and *Garrard Harris* for intervener, Banco Popular. *J. Suárez Garriga* for interveners Andréu Ribas *et ux.*

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The Secretary of the Treasury was carrying out an investigation through his agents, to ascertain the correctness of the income tax returns of Mr. César Andréu Ribas and his wife, Olga M. de Andréu. For said purpose he requested the Superior Court, San Juan Part, to issue an

order to the Banco Popular de Puerto Rico, to allow him to examine certain documents and books which he enumerated, all of them in relation to the transactions between the taxpayers and the aforesaid bank.[1]

On October 27, 1958 the court issued an order to that effect, so that in the alternative the bank would appear in court on November 7, 1958, to show cause why said order should not be final.[2] The bank did not appear at this hearing but the taxpayers did and requested the postponement of the hearing to a future date, to which the court agreed. After several postponements, the hearing was held on January 16, 1959.

Three days later the taxpayers filed a memorandum in opposition to the Secretary of the Treasury's petition and two days later the court issued an order dismissing the petition. The bank did not appear in this proceeding. The Secretary then moved for the reconsideration of the order of the court and after a hearing was held, at which the taxpayers, the bank, and the Secretary of the Treasury appeared, the court denied the motion for reconsideration. The bank did not object to the motion of the Secretary of the Treasury.

---

[1] In addition to alleging in the application that the Secretary of the Treasury was carrying out an investigation of the income tax returns filed by taxpayers César Andréu Ribas and his wife, Olga Megwinoff de Andréu, corresponding to the years 1951 to 1955, and that in order to perform that investigation it was necessary to examine the bank accounts of said taxpayers in the Banco Popular de Puerto Rico, it was also alleged that the Secretary of the Treasury had required the bank to allow him to examine said bank accounts, but that the bank refused on the ground that it had not been able to obtain the taxpayers' authorization to allow such examination.

[2] Said order provided, as requested in the prayer of the petition, that the Banco Popular de Puerto Rico allow the Secretary of the Treasury, through his officers, "to examine the (a) checking accounts, (b) saving accounts, (c) the purchase of bank notes, (d) certificates of deposit, (e) loans, (f) any other relevant documents to carry out the investigation of the returns of said taxpayers César Andréu Ribas and his wife Olga Megwinoff, corresponding to the years 1951 to 1955, both inclusive."

To review the orders of the Superior Court dismissing the petition of the Secretary of the Treasury and the motion for reconsideration, we issued the present writ of certiorari.[3]

The lower court set forth its grounds for disallowing the petition of the Secretary of the Treasury, as follows: "As to the second theory that the authorities sustain the right of the Hon. Secretary of the Treasury to perform the examination requested, we agree with the petitioner, our only pronouncement in the Order we issued being that it is conditioned. The Hon. Secretary of the Treasury is required to show that the return, object of this investigation, is erroneous, false or fraudulent, or that the taxpayer has refused to allow the examination of his books. We have not found in the petition filed in this case that those requirements have been met."

In the petition of the Secretary of the Treasury it is alleged that the bank has refused to allow the examination

---

[3] The Banco Popular de Puerto Rico has filed a motion in this Court requesting that the present appeal, insofar as the bank is concerned, be deemed submitted. In said motion it sets forth that it assumes the same position and attitude before us as it did before the Superior Court. It admits that pursuant to the provisions of § 413 of the Income Tax Act of 1954, it is compelled to comply with any reasonable requirement of the Secretary of the Treasury of Puerto Rico to allow him to examine books and documents of the taxpayer in possession of the bank, whenever said examination is for the purpose of ascertaining the correctness of any return or for the purpose of making a return when none has been filed by the taxpayer; but that it understands that when the Secretary of the Treasury files a requirement under the aforesaid § 413, said requirement is received by the bank as a witness, who receives the equivalent of a subpœna *duces tecum*, and if a controversy arises between the Secretary of the Treasury and the taxpayer as to the materiality or relevancy of the evidence requested, or as to the reasonableness of the requirement, or any other particular, such controversy should be previously settled between the interested parties, that is, the Secretary of the Treasury and the taxpayer, so that the bank, without becoming liable towards the taxpayer, may comply with the requirement. It ends by saying that it has no interest in the merits of the controversy between the Secretary of the Treasury and the taxpayer in this case, and for that reason, it waives any opposition against the petition filed as well as to the filing of briefs.

of the bank accounts of the taxpayers referred to in the order of the lower court. Therefore, the insufficiency of said petition consists in that, according to the very language of the orders of the lower court, it has not been proved that the returns under investigation are erroneous, false or fraudulent.

■■■ We believe that the Superior Court erred in disallowing the petition of the Secretary of the Treasury. The statutes involved in this case are §§ 413 and 419 of our Income Tax Act,[4] 13 L.P.R.A. (Cum. Supp.) §§ 3413 and 3419, respectively, and Act No. 27 of March 20, 1951. (32 L.P.R.A. §§ 3171 to 3173.)

Section 413 (a) textually reads thus:

"Section 413.—EXAMINATION OF BOOKS AND WITNESSES.

"(a) *To Determine Liability of the Taxpayer.*—The Secretary, for the purpose of ascertaining the correctness of any return or for the purpose of making a return where none has been made, is authorized, through any officer or employee of the Bureau of Income Tax, to examine any books, papers, records, or memoranda bearing upon the matters required to be included in the return, and may require the attendance of the person rendering the return or of any officer or employee of such person, or the attendance of any other person having knowledge in the premises, and may take his testimony with reference to the matter required by law to be included in such return, with power to administer oaths to such person or persons."

Section 419 establishes that the summons and requirements issued by the Secretary of the Treasury or by any officer or employee of the Bureau of Income Tax under the provisions of the Income Tax Act, shall be enforced pursuant to the provisions of Act No. 27 of March 20, 1951, 32 L.P.R.A. §§ 3171 to 3173, which insofar as pertinent, reads thus:

"Section 3171. Application to Superior Court for enforcement; contempt of court.

---

[4] Act No. 91 of June 29, 1954, as amended.

"If any summons or requirement issued by the Secretary of the Treasury of Puerto Rico or by his agents pursuant to the powers granted to them by law is not duly complied with, said official may appear before the Superior Court of Puerto Rico and request of said Court to direct that such summons or requirement be obeyed. The Superior Court of Puerto Rico shall have exclusive jurisdiction to issue orders directing compliance with any summons or requirement authorized by the Secretary of the Treasury of Puerto Rico or by his agents pursuant to law and to direct the presentment of any evidence, documentary or otherwise, that the Secretary of the Treasury of Puerto Rico or his agents may have previously required. Disobedience to such orders shall constitute contempt of court."

Section 413 clearly authorizes the Secretary of the Treasury to carry out an investigation for the purpose of ascertaining the correctness of any return or for the purpose of making a return where none has been made. That investigation consists in the examination of any books, papers, records or memoranda bearing upon the matters required to be included in the return and an examination, under oath, of the taxpayer, of his officer or employee, or of any other person having knowledge of the matter or matters required by law to be included in said return.

The power to investigate granted to the Secretary of the Treasury by § 413 is of an inquisitive nature. Such power is necessary in order that said officer may comply with his duty to collect the income taxes assessed by law. Said section, in view of the public end it pursues, should be interpreted liberally. The scope of the examination undertaken by the Secretary of the Treasury, either at his own request or with the aid of an order of the Superior Court, when the taxpayer refuses to allow the examination, is governed by the relevancy that the books, papers, etc. to be examined may have to the matter to be included in the return under examination. The foregoing is equally applicable to the appearance of persons to testify under oath

before said officer. When the taxpayer, as in this case, refuses to allow the examination of his bank accounts without denying that the books and documents to be examined are relevant to the matter required to be included in his return, the Secretary of the Treasury may appear before the Superior Court requesting the latter to order compliance with his petition, without being compelled to show previously a tax liability on the part of the taxpayer, nor, for that matter, as the trial court erroneously decided, that an error, falsehood or fraud has been committed in the return under investigation. The investigation sought by the Secretary of the Treasury is restricted only by the materiality or relevancy of the books, documents, etc. to be examined and by such other restrictions as are provided in § 415 of the Act (13 L.P.R.A. § 3415),[5] none of which has been proved to be applicable to the facts in this case.[6] The requirement that the Secretary of the Treasury should previously prove that an error, falsehood or fraud has been committed, would defeat the purpose of § 413 which authorizes the investigation (1) to ascertain the correctness of any return, and (2) to make a return when none has been made.[7]

---

[5] Section 415 of the Act (13 L.P.R.A. § 3415), provides thus:
"RESTRICTIONS ON INVESTIGATION OF TAXPAYERS.
"No taxpayer shall be subjected to unnecessary examinations or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary."

[6] The "relevancy" of the records sought to be examined or inspected does not depend on whether the contents will contradict the taxpayer's returns. As has been correctly stated: "The test, we think, is essentially the same as that for materiality with respect to grand jury investigations. . . . It is whether the inspection sought [by the Secretary] might have thrown light upon the correctness of the taxpayer's returns." *Foster* v. *United States*, 265 F.2d 183, 186–87 (CA 2, 1959). Thus, for example, an examination of all the records of a hospital was permitted as "material and relevant" to compile a list of all the patients of a doctor suspected of understating his true income for certain tax years. *In re Albert Lindley Lee Memorial Hospital*, 209 F.2d 122 (CA 2, 1953).

[7] Section 416 of the Act (13 L.P.R.A. § 3416) provides that if any person fails to make a return at the time prescribed by law, the Secretary

Section 3614 of the Federal Internal Revenue Act [8] was similar to § 413 of our Income Tax Act.

The Federal Act provided thus:

"Code Section 3614.—(a) To DETERMINE LIABILITY OF THE TAXPAYER.—The Commissioner, for the purpose of ascertaining the correctness of any return or for the purpose of making a. return where none has been made, is authorized, by any officer or employee of the Bureau of Internal Revenue, including the field service, designated by him for that purpose, to examine: any books, papers, records, or memoranda bearing upon the matters required to be included in the return, and may require the attendance of the person rendering the return or of any officer or employee of such person, or the attendance of any other person having knowledge in the premises, and may take. his testimony with reference to the matter required by law to be included in such return, with power to administer oaths to such person or persons." (Taxes, Vol. 28, 1950, pp. 1219, 1220.)

Construing the above-cited section the courts have decided that the powers granted therein extend to every person, in addition to the taxpayer, who has records or information relevant to determining the tax liability of the person under investigation, including a bank with which the taxpayer has had transactions. *United States* v. *First National Bank of Mobile*, 295 Fed. 142; 160 F.2d 532; *United States* v. *Peoples Deposit Bank & Trust Co.*, 112 F. Supp. 720; *United States* v. *Third N.W. Nat. Bank*, 102 F. Supp. 879; 196 F.2d 501. It has been equally decided that the statute should be interpreted freely; *Sale* v. *United States*, 228 F.2d 682; *United States* v. *Peoples Deposit Bank & Trust Co.*, *supra*; *Falsone* v. *United States*, 205 F.2d 734; that.

shall make the return from his own knowledge or from such information. as he can obtain through testimony or otherwise. Said return is considered. prima facie good and sufficient for all legal purposes.

[8] The language of the present Federal Act is somewhat different although it grants the same authority to the Commissioner of Internal Revenue. See Internal Revenue Code of 1954, § 7602.

the authority or power of inspection delegated to the Commissioner is impressed with a great public interest and that in the absence of a showing that the requirement made under § 3614 is oppressive, unreasonable or unnecessary, his power of inspection should be sustained. *United States* v. *Peoples Deposit Bank & Trust Co., supra; Sale* v. *United States. supra; United States* v. *Third N.W. Nat. Bank, supra.*

For other authorities on the matter, see *Inquisitorial Power of the Federal Government Relating Taxes*, 28 Taxes 1211; 1 Federal Tax Practice, § 3.13; 8 Merten's, § 47.48. and cases cited.

 The constitutional objection of the taxpayers, based on the violation of their right to protection against unreasonable searches and seizures guaranteed by § 10 of Art. II of our Constitution, and the Fourth Amendment of the American Constitution, lacks merits. The relation between the aforesaid taxpayers and the Banco Popular de Puerto Rico is one of creditor and debtor. *Treasurer* v. *Banco Comercial*, 46 P.R.R. 298; *Rodríguez* v. *District Court*, 42 P.R.R. 738. The books and records of the bank are its property. Therefore, the taxpayers have no property interest in said documents and are not under the protection of the constitutional provision they invoke. *Cooley* v. *Bergin*, 27 F.2d 930; *In re Uphams Income Tax*, 18 F. Supp. 737; *McMann* v. *Securities and Exchange Commission*, 87 F.2d 377; *Zimmerman* v. *Wilson*, 105 F.2d 583; *United States* v. *Peoples Deposit Bank & Trust Co.*, affirmed in 112 F. Supp. 720 and 212 F.2d 86, *cert. denied*, 348 U.S. 838. This disposes of the argument of the taxpayers. Nonetheless, supposing we were dealing with the examination of books, records or other documents owned by the taxpayers, the constitutional basis of the objection would be the unreasonableness, irrelevancy or absence of the need of an investigation. In our judgment the constitutionality of the power to investigate granted to

the Secretary of the Treasury by § 413, subject to the aforesaid limitations, is sustained by the doctrine set forth in the case of *Oklahoma Press. Pub. Co.* v. *Walling*, 327 U.S. 186, 90 L. Ed. 614.

In the present case, if we consider (1) the scope and purpose of the concrete investigation sought; (2) the kind of documents desired to be examined; (3) the nature of the transactions involved in the investigation; and (4) the specification of the periods of time and of the taxpayers to which it refers the reasonableness, relevancy, and need of the investigation could not be denied. On the other hand, it would not be fitting to consider here other problems of a constitutional nature which may arise or which are conceivable when the Secretary of the Treasury makes use of his powers of investigation in cases very different from the present one. *Cf. Constitutional Aspects of Federal Tax Investigations*, 57 Col. L. Rev. 676–699 (1957); Redlich, *Searches, Seizures and Self-Incrimination in Tax Cases*, 10 Tax. L. Rev. 191 (1954); Balter, *Fraud Under Federal Tax Law* (2d ed. 1953) 168–179; Kostelantz and Bender, *Criminal Aspects of Tax Fraud Cases* 45–66 (1957); Avakian, *Rights and Remedies of Taxpayers Suspected of Fraud*, 33 Taxes 878 (1955); and Lipton, *Safeguarding Constitutional Rights in Tax Fraud Investigations*, 32 Taxes 263 (1954).

The two cases cited in the opinion of the lower court do not support the theory on which is based the denial of said court to issue the order requested by the Secretary of the Treasury. In the first one, *First National Bank of Mobile* v. *United States*, 160 F.2d 532, the petition was too broad and therefore unreasonable as it required the examination of records irrelevant to the investigation sought. Even then the court issued the order limiting the examination to documents relevant to said investigation. In the other case, *United States* v. *Third N.W. Nat. Bank, supra,* the application was denied on the ground of unreasonableness. In said

case the inspection of more than 58,577 bank documents in addition to endorsements thereon were required and also many other documents and books. However, said case upholds the principle that the Commissioner is not compelled to make a previous showing, before obtaining the order of the court, that the return under investigation is erroneous, false or fraudulent. Neither does the article published in the magazine Taxes (Dec. 1950) 1211 *et seq.*, sustain the decision of the lower court. Said article makes an analysis and comparison of §§ 3614 and 3615 of the federal statute. Our law does not contain provisions analogous to those of § 3615. This section grants authority to investigate to the collectors of internal revenue similar to those of the Commissioner. It authorizes said collectors to issue summons and disobedience is punished by the courts as for contempt, different from what occurs when the requirement is made by the Commissioner under § 3614, who must obtain an order from the court before its disobedience can become contempt to the court issuing the order. Perhaps that is one of the reasons why § 3615 specifies in detail the cases in which the collectors may issue summons, one of them being when in the opinion of the collector the return filed is erroneous, false or fraudulent. Even in such case the judicial authorities have not required the collector to show that the return is erroneous, false or fraudulent. See cases cited in the aforesaid article. It has sometimes been sustained that when the Commissioner of Internal Revenue desires an order to examine the books and documents of a taxpayer corresponding to the taxable years prescribed, he should show there is probable cause or reasonable basis to suspect the existence of fraud. See *Lash* v. *Nigoshian*, decided on December 4, 1959 by the Court of Appeals for the First Circuit; and cases cited therein. As is well known, the Secretary of the Treasury may request an order to investigate the "closed" years as he is going to reopen them on the grounds of charge

of fraud or because according to his judgment they throw light on the years which are still "open." We do not advance now any opinion as to what should be proved by the Secretary in order to obtain a judicial order authorizing him to perform such investigations. *Cf. Falsone* v. *United States,* 205 F.2d 734 (CA 5, 1953); *Application of the United States (In re Carroll),* 246 F.2d 762 (CA 2, 1957); *O'Connor* v. *O'Connell,* 253 F.2d 365 (CA 1, 1958); *National Plate & Window Glass Co.* v. *United States,* 254 F.2d 92 (CA 2, 1958); *Lash* v. *Nigoshian,* 273 F.2d 185 (C.A. 1, Dec. 4, 1959); Balter, *Fraud Under Federal Tax Law* 149–162 (2d ed. 1953).

For the reasons set forth the orders rendered on January 21 and February 19, 1959 by the Superior Court, San Juan Part, shall be set aside and the case is remanded to said court to issue the order requested by the Secretary of the Treasury.