**Application of Percy G. and Margaret A. MAGNUS to quash certain summonses issued by the Internal Revenue Service to testify and produce records, etc.**

United States District Court
S. D. New York.
July 14, 1961.
Reargument Denied July 28, 1961.

Corcoran, Kostelanetz, Gladstone & Lowell, New York City, Boris Kostelanetz, Jules Ritholz, New York City, of counsel, for petitioners Percy C. and Margaret A. Magnus.

Robert M. Morgenthau, U. S. Atty., New York City, Robert E. Scher, Asst. U. S. Atty., New York City, of counsel, for Internal Revenue Service.

DIMOCK, District Judge.

This is an application by taxpayers to quash two summonses directed to third parties and issued pursuant to section 7602 of the Internal Revenue Code. It is alleged that the summonses violate section 7605(b) of that Code which is quoted in the margin.[1] The claim is that the summonses are part of a reinvestigation forbidden by that section.

The burden of showing that an examination or investigation would violate section 7605(b) is upon the taxpayer. It would be intolerable if, by the mere filing of a motion to quash, the taxpayer could hold up every examination or investigation until the Government proved the negative that it was not so violative.

It is to be noted that section 7605(b) contains two separate restrictions: First, "No taxpayer shall be subjected to unnecessary examination or investigations". Second, "only one inspection of a taxpayer's books of account shall be made for each taxable year" unless there is a notice from the Secretary or his delegate that an additional inspection is necessary.

The dual character of the provision was recognized by Judge Coxe in In re Paramount Jewelry Co., D.C.S.D.N.Y., 80 F.Supp. 375, where he held that an investigation that had involved an examination of the taxpayer's books three or four times during the past two years should not be halted as unnecessary by vacating a direction that books and records be produced but that, if the taxpayer insisted, it was entitled to receive a notice that an additional inspection was necessary before being required to produce the taxpayer's books for a fourth or fifth time.

The Government concedes here that none of the taxpayers' books of account need be furnished so that we are not concerned with that part of the statute which restricts inspections of the taxpayer's books to one for each taxable year.

1. "§ 7605. *Time and place of examination*
 \*   \*   \*   \*   \*

"(b) *Restrictions on examination of taxpayer.*—No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary."

Yet the taxpayers do not attempt to show that the investigation that is going on is unnecessary but rely on a construction of the statute that would make it unlawful to proceed with more than one investigation for each taxable year. This loses sight of the clear distinction in the statute between "examination or investigations" on the one hand and "inspection of a taxpayer's books of account" on the other.

I thus need not consider the taxpayers' hotly contested position that the investigation has not been continuous so that the summonses are really part of a third investigation for each taxable year.

■ Since the examination or investigation has not been shown to be unnecessary and the summonses do not call for the taxpayers' books of account the motion is denied.

Settle order on notice.

On Motion for Reargument
Motion for reargument denied.

■ The taxpayers' position is that I overlooked their argument that a hearing was necessary. No hearing is necessary if no issue is tendered. I held that the burden was upon the taxpayers to show that the proposed examination of third parties would subject the taxpayers "to unnecessary examination or investigations" forbidden by the terms of section 7605(b) of the Internal Revenue Code of 1954. I stated that the taxpayers did not attempt to show that the investigation that was going on was unnecessary. The claim is now made that the proposed examination would subject the taxpayers to unnecessary examination or investigations. That claim is based on allegations that the taxpayers had been subjected to two separate previous investigations in the last two years. No affidavits of the third parties were submitted containing statements indicating that examination of them was unnecessary such as statements that they had been fully examined in the past or that they had no information about the taxpayers which bore on their income tax liability.

For all that appears the third parties may be in possession of evidence nowhere else obtainable that would demonstrate the wilfulness of the taxpayers' conduct. The fact that the taxpayers had been subjected to two separate investigations in the past has no tendency to indicate that examination of the third parties would subject the taxpayers to "unnecessary examination or investigations".