WILLIAM T. and JANET D. BRODHEAD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brodhead v. Commissioner
Docket No. 5934-77.
United States Tax Court
T.C. Memo 1979-113; 1979 Tax Ct. Memo LEXIS 416; 38 T.C.M. (CCH) 519; T.C.M. (RIA) 79113; March 27, 1979, Filed Frank A. Ross, Jr., for the petitioners. Robert E. Dallman, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1973 in the amount of $13,573.62. Some of the issues raised by the pleadings have been been disposed of by agreement of the parties, leaving for our decision the following: (1) Whether a second examination of petitioners' books was conducted by agents of the Internal Revenue Service within the meaning of section 7605(b), I.R.C. 1954, [1] and if so, whether for this reason the notice of deficiency is rendered invalid; and (2) whether petitioners realized taxable income upon the assumption of the liability of William T. Brodhead by a trust for petitioners' children to which Dr. Brodhead *417 transferred certain automobiles which were the security for the liability assumed by the trust. The parties stipulated that the decision in the case of Teofilo and Frances Evangelista (Docket No. 3808-76), would be determinative of the second issue in this case. However, the parties were unable to agree on the computation and stipulated facts with respect to that issue with the request that these facts be found by the Court. All of the facts have been stipulated and are found accordingly. William T. and Janet D. Brodhead, husband and wife, who resided in Wisconsin at the time of the filing of their petition in this case, filed a joint Federal income tax return for the calendar year 1973 with the District Director of Internal Revenue, Milwaukee, Wisconsin. On April 30, 1975, an examination of petitioners' records was held by an office auditor of the Internal Revenue Service, Mr. Gary Schmuhl. Petitioners were represented at that conference by their attorney and their certified public accountant. These representatives *418 of petitioners were prepared to produce information to substantiate the items reported on petitioners' tax return, but no issue was raised at the conference with respect to the depreciation deduction for vehicles in he amount of $34,489 claimed on petitioners' tax return. The appearance of petitioners' representatives at the conference was in accordance with a request by the District Director made under date of March 13, 1975, which request specifically required information to be furnished to support various items reported on petitioners' tax return and its schedules, one of the items listed as requiring substantiation being "Auto depreciation (73)." As a result of the office audit examination of petitioners' return, a 30-day letter was issued by the District Director to petitioners under date of May 5, 1975. This 30-day letter proposed the disallowance of certain partnership losses. The case was forwarded by Office Auditor Schmuhl to the Review Staff in the Office Audit Division of the Internal Revenue Service in Milwaukee, Wisconsin. In December of 1975, the file with respect to petitioners' calendar year 1973 was returned from the Review Staff to the auditor for minor report *419 changes. In the early part of 1976, the file with respect to petitioners' 1973 calendar year was assigned to Internal Revenue Agent Joseph E. Frattinger, who was attached to the Madison, Wisconsin, office of the Internal Revenue Service. Based on his inspection of petitioner's 1973 income tax return and his experience with other returns filed by taxpayers in the Madison, Wisconsin, area, Revenue Agent Frattinger requested a transfer of petitioners' file for the year 1973 from the Milwaukee District Office to the Madison District Office for review to determine the tax effects of petitioner's investment in certain automobile leases. Shortly prior to February 6, 1976, Revenue Agent Frattinger contacted petitioners personally in respect to the production of their books and records for the year 1973. When such production was refused, Revenue Agent Frattinger issued a subpoena for production of these books and records under date of February 6, 1976. The issuance of this summons was done with the knowledge and approval of Revenue Agent Frattinger's Group Supervisor. Petitioners did not comply with this summons. Their attorney wrote a letter to a representative of the Internal Revenue *420 Service explaining the reason for petitioners' refusal to comply with the summons. In this letter, the attorney stated, in part: It is our position that the attempt to summon the items listed in your summons is contrary to the provisions of Section 7605(b) of the Internal Revenue Code which provides for only one inspection of a taxpayer's books of account for each taxable year unless the taxpayer requests otherwise or unless the Secretary of the Treasury or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.
The taxpayers' books of account were inspected for the year in question on May 5, 1975 by an agent of the Secretary of the Treasury. No steps were taken by any representatives of the Internal Revenue Service to enforce the summons issued and Revenue Agent Frattinger did not receive any documents from petitioners or their agents subsequent to the transfer of the file to the Madison, Wisconsin, office. Revenue Agent Frattinger, in his report, recommended disallowance in full of the depreciation deduction for vehicles taken by petitioners on their return for the calendar year 1973. This *421 recommendation was made by Agent Frattinger based upon all documents in the file with respect to petitioners' 1973 return at the time the file was submitted to him and information and documents which had been obtained by him from the files of other taxpayers relating to trust agreements between those other taxpayers for the benefit of their children and upon contract purchase orders, leases and repurchase agreements of other taxpayers with GOMA Corporation of Madison, Wisconsin, and upon the loan records of the Park Bank, Madison, Wisconsin. Copies of these various documents were included by Agent Frattinger as a part of his report. As a result of recommendations of Revenue Agent Frattinger, a 90-day statutory notice of deficiency was mailed to petitioners under date of March 15, 1977. One of the adjustments in that notice of deficiency was a disallowance of all depreciation for vehicles claimed by petitioners for the calendar year 1973. The total amount of depreciation disallowed was $34,489. At no time did Revenue Agent Frattinger attempt to obtain written approval or oral approval from the District Director, Milwaukee, Wisconsin, for the conduct of a second examination *422 by him of the 1973 tax return of petitioners. In June 1972, William T. Brodhead (petitioner) purchased certain vehicles at a cost of $102,983 from the GOMA Corporation, Madison, Wisconsin. These vehicles were subject to an existing lease with an agency of the United States Government. In June 1972, petitioner executed a promissory note payable to the Park Bank, Madison, Wisconsin, in the approximate amount of $102,983. Petitioner was personally liable to the Park Bank for the payment of this promissory note. As security for payment of the promissory note the Park Bank held a purchase money consensual security interest in the vehicles purchased by petitioner from the GOMA Corporation. Petitioners, on their 1972 and 1973 Federal income tax returns, claimed depreciation on the vehicles purchased from GOMA Corporation in the amounts of $40,049 and $34,489, respectively. The depreciation expense as claimed was computed under the double-declining balance method using a 3-year useful life for the vehicles. Petitioners' adjusted basis in the vehicles was $28,445 in June 1973. In June 1973 petitioner irrevocably transferred all his right, title and interest in the vehicles and *423 related lease to a trust for the sole benefit of his children. Petitioner, Janet D. Brodhead, was the sole trustee of the trust at the time of the transfer. In June 1973, Janet D. Brodhead, as trustee for the trust, assumed primary liability for the payment of the balance of the note owed to Park Bank, Madison, Wisconsin, secured by the vehicles. In June 1973, the remaining balance of the original indebtedness to the Park Bank, Madison, Wisconsin, assumed by Janet D. Brodhead as trustee was in the amount of $62,603.16. Subsequently, the $62,603.16 was paid by the trustee for the trust. With the exception of the assumption of primary liability and subsequent payment of the $62,603.16 encumbrance on the vehicles transferred to the trust by the trustee, petitioner did not receive cash or any other property in exchange for the transfer of his right, title and interest in the vehicles and related lease to the trust in June 1973. In the notice of deficiency, respondent, as heretofore stated, disallowed the entire depreciation claimed by petitioner in 1973 with respect to the vehicles purchased by petitioner from GOMA Corporation. Pursuant to leave previously granted, respondent *424 on March 9, 1978, filed an amendment to answer in which he alleged that petitioner realized a gain of $34,158.16 as a result of the assumption of his personal liability by the trust at the time of his transfer of the vehicles to the trust. The following is respondent's allegation with respect to the computation of petitioners' income from the assumption of the liability by the trust: Cost of Vehicles
$102,983.00
Depreciation per return
74,538.00
Adjusted Basis:
$ 28,445.00
Indebtedness Realized
$ 62,603.16
Adjusted Basis
28,445.00
Gain:
$ 34,158.16
The said $34,158.16 gain is ordinary income as the result of the depreciation recapture pursuant to I.R.C. § 1245. In this amendment to answer, respondent alleged that the correct deficiency in income tax due from petitioners for the year 1973 was in the amount of $13,409.33 rather than $13,573.62, as determined in the notice of deficiency. Section 7605(b)[2] provides that no taxpayer shall be subject to unnecessary examination or investigations, and that only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise *425 or after investigation the taxpayer is notified in writing that an additional inspection is necessary. Petitioners, relying on Reineman v. United States, 301 F.2d 267 (7th Cir. 1962), argue that the deficiency notice issued by respondent should be held to be invalid since it was based on a second inspection of their books. Petitioners further argue that respondent violated section 7605(b) in that he subjected petitioners to unnecessary examination and investigations. In support of this argument, petitioners rely on a statement contained in the transmittal letter of the report of Revenue Agent Frattinger that because of petitioners' refusal to permit him to examine their records or to comply with the subpoena the entire *426 claimed depreciatio6 expense had been disallowed since other than court proceedings to enforce the summons this "procedure is only a device to force taxpayers to produce records for examination." We do not agree with petitioners that this statement contained in the transmittal of Revenue Agent Frattinger's report taken in the context of the entire report shows harassment of petitioners or that petitioners were subjected to unnecessary examinations or investigation. This statement is one portion of an explanation of why disallowance in full of the claimed depreciation on the vehicles was recommended. The further explanation is that the agent had available information from audits of other taxpayers who had entered into substantially the same type of transaction with respect to the purchase of automobiles from GOMA Corporation which were under lease to the Government from which he had concluded that the useful life of the automobiles was not 3 years for the purpose of determining depreciation. The agent explained that on the basis of the information available from third party sources he had concluded that the salvage value of the vehicles at the end of their economic useful life to *427 petitioner was sufficiently high to require a reduction in the amount of the depreciation claimed on the vehicles by petitioners based on a 3-year useful life and a double-declining balance method of computation and that development of "that issue would hopefully have produced substantially the same tax results." Revenue Agent Frattinger explained in this transmittal letter that a revenue agent's report prepared for another audit would be adaptable in determining depreciation allowable to petitioners on the vehicles if petitioners decided to furnish the necessary records for determining the useful life and proper salvage value of the vehicles. In our view, when read in context, the statement in the transmittal letter of the revenue agent's report totally fails to support petitioners' contention that they were subjected to harassment or unnecessary examinations or investigation within the meaning of section 7605(b). In view of the nature of the transaction which Revenue Agent Frattinger was considering and the action which had been taken in connection with depreciation deductions claimed by other taxpayers who had purchased vehicles from GOMA Corporation under agreements similar *428 to the agreement petitioner had made with GOMA Corporation, the agent's only reasonable alternative to permitting petitioners a deduction which had been disallowed in part to other taxpayers was either to examine petitioners' records or to disallow the depreciation deduction claimed on the vehicles in full. Certainly Revenue Agent Frattinger's examination of petitioners' return, in light of information obtained from third parties, was not unreasonable under these circumstances. See United States v. Powell, 379 U.S. 48, 55 (1964). Petitioners' position is tantamount to challenging the Commissioner's authority to conduct proper investigations when information has come to his attention from sources other than a taxpayer's own records. See Collins v. Commissioner, 61 T.C. 693, 699, 700 (1974). Certainly section 7605(b) was not intended to prohibit the Commissioner from using information in his possession from other sources to correct a taxpayer's reported income because of having previously examined that taxpayer's records. There is no indication from the action taken by Revenue Agent Frattinger of any form of harassment of petitioners.
On the basis *429 of this record, we conclude that no second examination was made of petitioners' books and records. When Revenue Agent Frattinger asked to make an examination of petitioners' records, petitioners refused to permit the examination and refused to produce their books and records when a summons for them was issued. It is stipulated by the parties that Revenue Agent Frattinger received no documents from petitioners or their agent. A second examination of a taxpayer's "books of account" means an examination of the taxpayer's books and records and not merely a reconsideration and redetermination of a taxpayer's tax liability from information already available to respondent. Hall v. Commissioner, 50 T.C. 186, 201, 202 (1968), affd. 406 F.2d 706 (5th Cir. 1969); United States Holding Co. v. Commissioner, 44 T.C. 323, 327 (1965); Geurkink v. United States, 354 F.2d 629 (7th Cir. 1965). In the Geurkink case, at 631, the Court pointed out that in Reineman v. United States, supra, a second inspection of the taxpayers' books of account for the year involved had been made without the giving of written notice *430 and distinguished that case from the case there under consideration with the following statement: However, in the case at bar it has been stipulated that the action complained of did not result from any examination of plaintiffs' books and records and the district court found that it had not been asserted that there was more than one examination of the corporation's books. We reject the contention that an office audit of a taxpayer's return constitutes an examination of his books and records. Hence, plaintiffs have not demonstrated that a re-examination of their tax return in the possession of the Commissioner constituted a second inspection of "books of account" under § 7605(b). We emphasize that § 7605(b) relates to a second examination of books of account of a taxpayer and does not apply to an examination of books of account of a third person. That section has been so construed in DeMasters v. Arend, 9 Cir., 313 F.2d 79, 86 (1963); Bouschor v. United States, 8 Cir., 316 F.2d 451, 457 (1963); Application of Magnus, 196 F.Supp. 127 (S.D.N.Y.) (1961), affirmed, 2 Cir., 299 F.2d 335, 336 (1962), cert. denied, 370 U.S. 918, 82 S.Ct. 1556, 8 L.Ed.2d 499. *431 There is no distinction in the action taken by Revenue Agent Frattinger in revising the adjustments to be made in petitioners' tax liability in this case and the action taken by the agent in the Geurkink case. We, therefore, conclude that respondent has not made an unnecessary examination or investigation of petitioners' tax liability for the year 1973 or more than one inspection of petitioners' books of account for that year. It follows that respondent has in no way acted contrary to the provisions of section 7605(b) with respect to petitioners' tax liability for 1973. Our decision in Evangelista v. Commissioner, 71 T.C.     (1979), has been filed this date. On the basis of our holding in the Evangelista case, we sustain respondent's determination of deficiency in this case as set forth in his amendment to answer filed March 9, 1978. Since certain issues raised by the pleadings were settled by agreement of the parties, Decision will be entered under Rule 155 . Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year here involved, unless otherwise indicated.↩
2. SEC. 7605. TIME AND PLACE OF EXAMINATION. (b) Restrictions on Examination of Taxpayer.--No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.↩